## BARKER and KNAPP *against* MILLER.

IN error, on *certiorari*, from a justice's court.
The return stated, that *Miller* sued *Barker* and *Knapp*.
*Barker* was personally served with the summons, and
gainst a third person, for taking them away ; it was held that the possession
virtue of the execution, was sufficient to enable him to maintain trespass or
proof of the seizure by virtue of the execution was sufficient, without producing

ALBANY,
August, 1810.

BARKER &
another
v.
MILLER.

In an action of
trespass brought
by an officer
who had seized
goods under an
execution, a-
of the officer by
trover ; and that
the judgment.

BARKER and
another
v.
MILLER.

*Knapp* by a *copy*. *Barker* appeared, but *Knapp* did not. *Miller* declared against both defendants; for that he being a constable, and possessed of certain articles of furniture, to the amount of 25 dollars, which he had seized on an execution, against *James Caswell*, the defendants took and converted them. *Barker* appeared and pleaded by attorney. Issue was joined before the justice. The plaintiff produced two executions, by virtue of which he had seized the property. This proof was objected to, unless he also produced the judgment; but the proof was admitted. The plaintiff proved, that he had seized the property, and left it with *Caswell;* and that the defendants had taken it away, after being forbidden. The justice gave judgment for the plaintiff, for 4 dollars and 19 cents.

*Per Curiam.* The plaintiff below brought trespass against strangers, for taking goods out of his possession; and it was sufficient for him to show, as against them, that he had taken the goods into his possession, by process of execution. The possession so acquired, was enough to maintain trespass or trover against a third person, for taking them away without right or authority. (*Wilbraham* v. *Snow*, 2 *Saund.* 47.) After the seizure under the execution, the goods were, in judgment of law, in possession of the constable, as against a wrongdoer; and *Caswell*, with whom he had left the goods for safe-keeping, was no more than his servant. (7 *Term Rep.* 12. *Grose*, J.) Proof of the seizure was enough without producing the judgment. The rule that the officer must show a judgment does not apply, when sued in trespass by a stranger.

This being the only point, or error, stated by the plaintiff in error, the judgment below, which appears to be only against the defendant below who appeared, must be affirmed.

Judgment affirmed.