PUTNAM *against* WYLEY.

A person cannot maintain trespass for goods, unless he has actual or constructive possession, at the time. He must have, at least, such a right as to been-titled to reduce the goods to his possession when he pleases. Where A. delivered to B. a number of cows and sheep, which B promised to redeliver, within one year, with the natural increase, and to pay for such as should be lost or destroyed, and not redelivered; this was held a letting of the chattels, for a year, for a valuable consideration, and not a naked bailment: and that A. could not maintain trespass against a person who took them out of the possession of B.

THIS was an action of *trespass*, for taking 4 cows and 21 sheep, the property of the plaintiff. The cause was tried, at the last *Oneida* circuit, before Mr. Justice *Van Ness*.

The plaintiff produced a record of a judgment in his favour, against one *Simpson*, in *February*, 1808, and a *fieri facias*, for 300 dollars, afterwards issued on the same judgment, and delivered to the defendant, as *deputy sheriff*, the 2d *March*, 1809, and a bill of sale, executed by the defendant as *deputy sheriff*, to the plaintiff, for sundry articles, including the property in question, dated the 29th *April*, 1809, the plaintiff having purchased the same, at the sheriff's sale, for 158 dollars and 75 cents. The plaintiff also gave in evidence a receipt endorsed on the bill of sale, dated the 1st *May*, 1809, signed by *John Barnard*, *Samuel Dill*, *Oliver Greenwood* and *August E. Baker*, by which they acknowledge to have received from the plaintiff, among other things, the cows and sheep above mentioned, which had been purchased, by the plaintiff at the sheriff's sale, which, with the increase, they promised to return and redeliver to the plaintiff, within one year from the date ; and they promised severally to be answerable each for one fourth of any of the cows, sheep, &c. which might be lost, destroyed, or not redelivered, within the year, with the interest on the value thereof.

It was proved, that in the autumn of 1809, the defendant, as *deputy sheriff*, went to the farm on which *Simpson* lived, and took the property in question by virtue of an execution delivered to him the 21st *September*, 1809, on another judgment against *Simpson*, at the suit of another

person, and sold them, at auction, to one *White*, for 64 dollars and 90 cents.

*Simpson*, who was a witness, testified, that on the day after the sale of the property on the plaintiff's execution, he agreed with *Barnard*, the other person who gave the receipt to the plaintiff, to take back the property into his possession, on the same terms as were expressed in the receipt, and the property was accordingly delivered to *Simpson*.

The judgment in favour of the plaintiff was for a *bonâ fide* debt, and the sale on the execution was *public*, and without fraud, or any express or implied understanding between the plaintiff and *Simpson*, that the plaintiff would bid off the property for *Simpson's* benefit.

It was objected, that the plaintiff had not such a possession, actual or constructive, as would enable him to maintain trespass; but the objection was overruled, and the point reserved. The judge charged the jury to find for the plaintiff, unless they believed there was fraud in the sale to him under the execution; and that the plaintiff was entitled not only to the value of the property, but to a compensation for its detention, up to the ensuing term.

The jury found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial.

*Lynch*, for the defendant. The plaintiff had not such a property or possession, as would enable him to maintain trespass. To enable a person to bring trespass, he must, at the time when the act was done which constitutes the trespass, either have the *actual* possession in him of the thing, or a *constructive* possession in respect to the right actually vested in him.* In *Ward* v. *Macauley*,† Lord *Kenyon* said, that the action of *trespass* was founded in *possession*; and that where *A.* had let a ready furnished house to *B.* he could not maintain *trespass*

* *Smith* v. *Milles*, 1 Term Rep. 475.
† 4 Term Rep. 489.

NEW-YORK, against the *sheriff*, for taking the furniture under an exe-
October, 1811. cution against *B.* ; and in *Gordon* v. *Harper*,* it was held,

PUTNAM that the landlord could not, in such a case, maintain *tro-*
v.
WYLEY. *ver*.  By the terms of the receipt, *Barnard and others*

* 7 *Term Rep.* were not bound to redeliver the property, but were re-
9. 12. sponsible only for the value.  They were at liberty to
consider the delivery to them, as an absolute sale, and
they might sell the property if they chose.

Again, the property was not delivered by the de-
fendant to the plaintiff.  Where the sale of goods is un-
conditional, unless possession accompanies and follows
† 2 *Term Rep.* the sale, it is void against creditors.†  It is true, this
595. 1 *Cranch's*
*Rep.* 316. was a *judicial* sale, but the principle is equally applicable
to all sales ; otherwise, a judgment might be used for the
purpose of defeating creditors.

*Gold*, contra.  *Trespass* lies by a person having the
general property, where there is a naked bailment for the
‡ 5 *Bac. Ab.* gratuitous use of the bailee.‡
*Tresp.*(C.) *pl.* 9.
16. 17. *Latch.* In *Kidd* v. *Rawlinson*,§ it was held that where the
214.*Co. Litt.* 37.
§ 2 *Bos. & Pull.* goods of *A.* taken in execution were put up to sale by
59. the *sheriff*, and *B.* became the purchaser, and took a bill
of sale, and permitted *A.* to continue in possession of
the goods, the bill of sale was valid against a creditor
or purchaser, who might afterwards get possession of the
goods.  The same principle was laid down by this court
¶ 1 *Johns. Cas.* in *Vredenburgh* v. *White*.¶
156. *See* 4 *Dal-*
*las,* 167. 208. Again, where a person comes to impeach a former
sale, he must show himself to be a *bona fide* creditor, or
** *Rob.* on purchaser, for a valuable consideration.** That they
*Fraud Convey.*
489. *Hol's Rep.* were taken under a judgment, makes no difference.  The
327. *Skin.* 586. plaintiff is equally bound to show that the judgment was
for a just and *bona fide* debt.

Again, the direction of the judge, as to the compen-
sation and damages, subsequent to the act of *trespass*
complained of, was incorrect.

*Per Curiam.* The plaintiff cannot recover. The case is within the decision of *Ward* v. *Macauley;* (4 *Term Rep.* 489.) and that case was no more than a recognition of the settled principle, that a plaintiff cannot bring trespass for taking a chattel, unless he has the actual or constructive possession, at the time. He must have such a right as to be entitled to reduce the goods to actual possession when he pleases. A carrier is only a servant of the owner, and the possession of the servant is the possession of the owner. But here the plaintiff, by accepting of the agreement in writing from *Barnard* and others, let the chattels in question to them for a year, and it would have been trespass for him to have taken them out of their hands. It was a hiring for a valuable consideration, and not a *nude pact;* for *Barnard* and the other lessees were to return the animals with their increase. This promise to deliver the increase of the animals, was a consideration for the use; for, according to the general principle of law, such increase belongs to the person who, by hiring for a time, becomes temporary proprietor of the animal. (*Wood* v. *Ash, Owen,* 138. See also *Pothier, Traité de Droit de Proprieté, No.* 153, 154, 155.) The jury have decided that there was no actual fraud or collusion ; and the goods, after the sheriff's sale, were not left by the plaintiff, as creditor, with the debtor ; but they were delivered to third persons, without any previous agreement with *Simpson ;* and whether they should be left in the possession of *Simpson* depended upon his subsequent agreement with *Barnard* and others. From the testimony of *Simpson,* it appears, that this agreement with him was subsequent to the contract between the plaintiffs and *Barnard.* The case, therefore, does not touch the question, how far a creditor, after purchase at a sheriff's sale, can safely leave the goods in possession of the defendant. The case of *Kidd* v. *Rawlinson,* (2 *Bos. & Pull.* 59.) allows a third person, or stranger, who becomes the purchaser, to grant this indul-

gence, and whether the creditor may not also exercise the same humane indulgence, if it be done in good faith, is a question not now before us. The verdict must be set aside, and as the point was reserved at the trial, upon a motion to the judge, against the right of recovery, a nonsuit must be entered.

Judgment of nonsuit.