Curia, per Savage, Ch. J.
The principal question is, whether the action of trover can be sustained by the plaintiff.
In order to maintain trover, the plaintiff must have either an absolute or a special property in the -subject of the action. The property of personal chattels draws to it *297 the possession. He’who has a special property may main tain trover, when'the goods are taken from his possession, as a factor, a carrier, an agistor. (2 Saund. 47 a, note (1.) g0; a constable, who has seized goods on an execution, may maintain trover - against a stranger who takes them away, or converts them. (6 John. 196. 1 Cowen, 322.)
The officer, who levies upon goods, may also maintain an action against any person who becomes responsible for the safe keeping and delivery of them-to him on demand, or at a specific time and place.
But in what relation does the person stand who becomes responsible for the production of the goods; usually in writing, in the form of a receipt, hence" called a receiptor ? *Has he any property, in the goods he receipts, either general or special ? or is he in law thcmere éervant of the officer ?
In the case of Brown v. Cook, (9 John. 361,) the action was brought by the constable against the receiptors; who, by their receipt, were to deliver on demand. This court held a demand was necessary. They said the defendants were naked bailees. They decided in that case also, that the constable lost all claim tothe property, by suffering the execution to run out,' without making sale.
In Barker v. Miller, (6 John. 196,) the constable had levied on the goods of one Caswell, and left them in his possession. The defendant took them away. The court said, after'seizure on execution; the goods were, in judgment of law, in possession of the constable, as against a wrong doer; and Caswell, with whom he had left goods for safe keeping, was nó moré than his servant. They cite Gordon v. Harper, (7 T. R. 12,) where it is said by Grose, justice, that a carrier is the servant of the owner of the goods; and has a right' of possession against a tort feasor. The officer cannot maintain'this action, till after seizure of the goods. (12 John. 403.) After seizure, he has special property. The general property, until • sale, remains in the original owner. Gan there be any property in the reciptor, either general or special ? In this case, he had not the possession. *298 The right of possession was in the constable. There was an agreement that the plaintiff might take actual possession ; but he did not. Had he then any right ? and if any, what?
This precise question does not appear to have been decided by this court; but it has been frequently before the supreme court of Massachusetts. The case of Ludden v. Leavitt, (9 Mass. Rep. 104,) is much like the principal case, in its leading features. Certain goods were attached by a deputy sheriff, as the property of the defendant, at the suit of one Blossom. The plaintiff became the receiptor, and actually received the property ; but suffered it to pass into the possession of the original owner. When the execution came, the property" could not be found. 'The sheriff demanded it of Hidden, the receiptor; who, not being able to produce it, paid a sum of money in dis‘harge of his engagement; and brought trover against the original owner, who had sold the property. The court said, the only right acquired by the plaintiff was, by delivery to him for safe keeping. This did not constitute him a bailiff of the property, but a mere servant of the sheriff; without any legal interest in the cattle. The sheriff should have brought the action, as the special property was in him. The general property was in the defendant. The plaintiff, having neither the general nor special property, cannot maintain trover.
In the case of Warren v. Leland, (9 Mass. Rep. 265,) they again say, “ we have heretofore decided, that where an officer attaches personal chattels, and delivers them to a third person for safe keeping, such third person has no such property in the chattels, as will enable him to maintain replevin for them.” They cite Ludden v. Leavitt, which was an action of trover.
The same doctrine is found in Whittier v. Smith, (11 Mass. Rep. 211,) and Waterman v. Robinson, (5 Mass. Rep. 303.)
In The Commonwealth v. Morse, (14 Mass. Rep. 217,) the defendant was indicted for stealing an ox, the property of one Leonard. The evidence was, that the ox was in *299 Leonard’s possession; he having received him from a, deputy sheriff, and given an accountable receipt for him. The general property of the ox was in 0. Morse. Parker, chief justice, says, the only question was, whether the ox, which had been stolen from Leonard’s barn-yard, was the property of L. “ It was not his property absolutely; for he had nothing but the possession, not claiming any title to it. The special property was in the deputy sheriff, who made the attachment. There is no third species of property, Leonard, therefore, was the mere servant of the deputy sheriff, to keep the property attached, for him ; having m> legal interest in it, and no right to maintain an action for it, if taken out of tiis custody,” &c.
*These cases are precisely in point; and express the opinion of .a very learned and respectable court on the very question. I fully subscribe to the correctness of their doctrine.
The receiptor comes in as a surety for the defendant in the execution. Had he taken the actual possession, he could be considered only as the servant of the officer who had the special property in the goods. So far this court went in the case of Barker v. Miller; where they say that Caswell was the mere servant of the officer, who was the plaintiff in that case. There is no doubt upon the cases, that the constable might have brought the suit before the '-xecutions were discharged, even if the property had been actually delivered to Dillenbaok, according to Cross’ agreement.
Thus much as to the property levied on by the officer. The wagon was not levied on; but was under a mortgage when the plaintiff settled with Eathbone. Had the plaintiff taken an assignment of the mortgage, the action for the wagon might have been sustained; but the mortgage appears to have been paid and discharged.
Being of opinion that the plaintiff cannot sustain the action, for want of interest, it seems unnecessary to express an opinion as to the rule of damages laid down by the judge. It is, however, undoubtedly correct to give as damages, in trover the full value of the property at the *300 Éime 'of conversion: and interest thereon from that time. ’ The judge so directed the jury in this case.
A new trial must be granted; with costs to -abide the , riJerome, event. [1]

 Bailees of goods, as carriers, factors, consignees, pawnees, .trustees, agistors of cattle, one who borrows a horse to till his land, &e. &p.,. may maintain this action against any one but the owner, who converts the property. Vid. 2 Stark. Ev. Philad. ed. 1837, pp. 832, 83.3, The finder of a chattel has a special properly in it, and may maintain trover against.any one but the owner, who shall convert it. 9 Cowen, 670. But the same rule does not apply to the finder of a chose in action; thus, where M. found one.half of a lottery ticket, and gave it to W. & W., with directions to. advertise it, which they did, but no owner came for it, and the ticket finally drew $5000, which W. & W. received; it was held that they were not.bound.to pay M. one half of the prize money. Id.
If a party having a temporary interest in the possession of, a chattel,, deliver it to the owner for a special purpose, he may, after that purpose has been answered, if the owner refuse to deliver it. up, maintain, this action. 2 Taunt. 268.
In genera], where goods bailed, are converted by. a stranger, either the bailor or bailee may bring trover; but they cannot both, have an action at the same time; and the one first bringing his action, determines.the right of the other, who cannot then sue, (1 Buls. 68,) and a. recovery by one bars the other. 7 Cowen, 328. Nor can the bailor haye this.action, where the goods are bailed for a certain time, which is uriexpired'when the conversion takes place; for the plaintiff in the action of trover must .have, in all cases, at least a right of possession; this he would.not,have ih the instance given, wherefore the action belongs to the bailee, only. 7 T. R. 9; 4 id. 489; 8 John. 432.
Consignees may maintain trover for goods before th.ey have reached them, especially where they have the direction of the consignor to sell the goods, and credit the net proceeds t.o. the consignor; so the consignor may also have this action for the goods* even after they have reached the port of destination, and been demanded by the consignees. 7 Cowen, 328. Where there is an unqualified consignment, of. property, the legal, presumption is, that the consignee is the owner* and. an action for a conversion of the property or injury to it, may be brought in his name; but the suit need not of necessity, be in his name, but may be. brought by the real owner. 15 Wen. 474.
A mere naked possessor of goods, without right, as for instance, a purr-chaser of chattels under, a void execution, may bring trover for them), and; evidence of his possession will be sufficient to maintain the action, for.this.is always prima facie evidence of right 11 id. 54, and case referred to in note, id. 57. But the defendant may, in such ease* defeat the action* or. mitigate damages, by showing on his part, that the plaintiff has not, in fact, any pro* perty, either general or special; but that a paramount title is.in a third per-, son, through whom the defendant derives some claim, title os-interest It is *300-1 not enough, however, to set up property in a third person; thiS’tiniSt" be' fot;owe¿ by proof showing some right or claim to the goods, derived1 by the de*" fendant from the true owner. Id.; 16 id. 562, 71.
A constable .or sheriff having levied on goods by virtue of an attachment" or execution, has such a special property in them, that he may maintain» trover against any person, who, without right, takes them away, either from the officer himself; or from any other person with whqm they are deposited* merely for safe keeping. 1 Cowen, 322; 2 Hall’s Super. Ct. R. 425. And if the action be against the defendant in the execution, the production and proof of the execution and levy is enough, without showing a judgment. 2 John. 46; 6 id. 195; 7 id. 32 ; 12 id. 395 ; 16 id. 106; 8 Wen. 445; Vid. also 12 id. 74; 13 id. 296, &c.; 16 id. 562. So, if the action be brought by the defendant in the execution against the officer, for taking goods under it, the latter need not show a judgment. Vid. cases cited by Savage, Ch, J., 12 Wen. 76; Vid. also Cowen & Hill’s notes to Ph. Ev. p. 1078. But there is a distinction between the case of a plaintiff, at whose suit an execution is issued, and that of the officer. The former, when sued, must show a judgment, if he justify under the process. 1 Monroe's R. 10; 1 Salk. 408, 9. Where the plaintiff in an execution, however, sues the officer or his representatives, for money collected under the same, the former need not show a judgment. Vid. 13 Wen. 35, 40. And the officer, to recover the purchase mqney from his vendee, need not produce the judgment, but only the process upon which he sold, and prove the sale. 6 Watts’ R. 515. An officer who sues a mere stranger, having no pretence of title, in trespass or trover, for intermeddling with goods levied on by him under an execution, need not show a judgment. 6 John. 195; 7 id. 32; 8 Wen. 445; 2 Saund. 47. So, where an officer is sued by such stranger; (Vid. 6 John. 195 ;) otherwise, however, where a stranger, suing the officer, shows in himself ,a title to the property, anteriqr to the levy, and good as against the defendant in the execution ; for then the officer, in order tp defend himself; can only dp so by attacking such title as void for fraud in respect to creditors, in which case he is bound to show a judgment. Per Walworth, Ch., 16 Wen, 514, 516, 517. The officer’s right to sue an officious stranger, as above mentioned, depends upon his special property and his liability over. His process and levy in such case show him, prima facie, entitled to the property; but where he establishes no prior actual possession, the defendant may defeat the suit by proving that the officer’s process was void, as having been issued upon a judgment obtained without jurisdiction. Por, in that event, it appears that the officer has no special property, and is not liable over. 16 Wen. 562. His indorsement of levy and possession taken, is, it seems, sufficient to show an actual possession in the first instance; but where the process is impeached as utterly void, for any cause, if he would maintain his action on the ground of prior possession, he should go further and show such possession by better evidence. Id. 569, 570. And where an officer sues to recover property levied on by him, and it appears clearly that the plaintiff in the execution is the real prosecutor, the officer being merely a nominal party, he must Show a zalid judgment, Id. 1 Cowen’s Tr. 2d ed. pp. 285, 286, 287.