ADDISON,
January,
1833.

HENRY SOPER vs. JOHN R. SUMNER & WM. S. ABORN.

The owner of property who has by contract parted with the possession for a given time, cannot maintain an action of trespass against any one, who takes it from-the person who is entitled to the possession while the contract is in force.

Nor can the owner maintain such action because he has a right to put an end to the contract and resume the possession before he does determine the contract.

Nor can he maintain such action, because the person who took the property from the possession of the bailee may have so conducted as to make himself as to the bailee a trespasser *ab initio*.

This was trespass for a pair of oxen and one yoke, tried by jury in the County Court.

The plaintiff introduced evidence tending to prove that on the 3d day of December 1830, and for some time previous thereto, he owned and possessed the property in question, as part of an estate on which he was administrator— and proved that on the day aforesaid, he hired out the same to one Robert Clark, by a written contract of that date which was read in evidence, and is as follows:

"Rec'd. Bristol Dec. 3d, 1830, of Henry Soper, one pair of Staggs, Yoke, and Cart, being the Staggs, Yoke and Cart, belonging to the estate of Oliver Drake, which Staggs, Yoke and Cart I promise to return to said Soper, on or before the 10th day of October next, the Staggs to be in good flesh, and the Cart and Yoke in good repair, and pay the said Soper five dollars for the use of said property, in good merchantable Coals, delivered at the Forge in Lin- coln.          (Signed)          ROBERT CLARK."

The plaintiff also called witnesses whose testimony ten- ded to prove that immediately after the execution of said contract and when Clark was starting to drive home said oxen under the agreement, the plaintiff told him he must keep them well and use them well. To which Clark re- plied that he would do so, and if the plaintiff should at a- ny time become dissatsfied with his manner of keeping or using the oxen he should be at liberty to take them back.

It was admitted that in April 1831, the defendant Sum- ner, being a creditor of Clark, caused the oxen and yoke, then in possession of Clark, under the contract aforesaid to be attached and taken away at his suit by the other de- fendant, as the property of Clark, and that the attachment

ADDISON,
January,
1833.

Soper
vs.
Sumner & al.

was regularly followed up by judgment and sale of the property on execution; and there was evidence tending to prove that the defendants had notice of the above stated facts at the time of the attachment, and that he asserted his claim to one or both of the defendants shortly after the attachment. It further appeared in evidence that Clark used the oxen through the winter in drawing coal, in which business he had also used them several weeks previous to the contract aforesaid, that in the Spring of 1831 they were thin in flesh, but in condition to go through a light Springs' work. And there was no evidence that the plaintiff at the time of the attachment had became dissatisfied with the manner in which the oxen were kept or used, or that he ever signified his purpose to take them back before the expiration of said written agreement.

Upon this evidence the Court intimated their opinion that the plaintiff could not maintain trespass; whereupon he offered to prove that while the oxen remained in possession of one or both of the defendants under the attachment and before they were sold upon the execution, and before the commencement of this action, the defendants, or one of them had worked the oxen without the leave of the plaintiff or Clark; this evidence was objected to and excluded by the Court. The plaintiff having rested his case, a verdict was returned for defendants under the direction of the Court, and judgement rendered thereon. To which decision and direction of the Court the plaintiff excepted; exceptions allowed, and this Court is called upon to reconsider the case.

*Needham & Woodbridge, for plaintiff.*—In this case the plaintiff insists that the possession of the property in question by Robert Clark, under an agreement for use only, is the possession of the plaintiff for every other purpose except that use, and that any intermedling by the defendants or any other person with the property in question will enable the plaintiff to sustain trespass.

And that it is not necessary that the plaintiff have the actual possession of the property to sustain this action.— 1 Term Rep. *Smith* vs. *Milles*, 480; 8 John. Rep. *Putnam* vs. *Wiley*, 432; 8 John. Rep. *Bradish* vs. *Schenck*, 151; 4

Term. Rep. *Ward* vs. *McAuley*, 489 ; 11 John. Rep. *Thorp* vs. *Burling*, 285 ; 11 John. Rep. *Van Brunt* vs, *Schenck*, 377, ; 7 Term Rep. *Gordon* vs. *Harper*, 9.

Addison,
January,
1833.

Soper
vs.
Sumner & al.

The defendant being a creditor of Clark and at the time of the attachment fully informed of the terms upon which Clark had the use of the property in question was not at liberty to count upon Clark's possession to realize his own debt from plaintiff's property.

The plaintiff having the right by the terms of the agreement to put an end to it at pleasure, of course had the right of immediate possession and may sustain *trespass* against any one who shall take away the property. 8 John. Rep. 432, as above.

The plaintiff, Soper, having demanded the property in question of the defendants before the commencement of this suit would be entitled to it agreeably to the terms of the original contract, between Soper and Clark. And as the defendants could acquire no greater right in the property than Clark had, he must deliver the same to the plaintiff whenever he wished to reclaim it.

The working of an estray or a beast destrained is trespass *ab initio* and the owner may declare for an unlawful taking. 10 Mass. Rep. *Gibbs* vs. *Chase*, 125.

*Tucker & Bradley, for defendants.*—The defendants contend that the action of trespass cannot be sustained, because by the plaintiff's own showing in the Court below he had leased the property in question, and that the term of said lease had not expired when the suit was brought ; nor had the terms of the contract been broken so as to avoid the lease. The question raised is, whether the action of trespass can be sustained for the taking of personal property, when the plaintiff has neither the actual nor constructive possession of the chattle sued for, nor the right of immediate possession. If the general owner part with his possession, and the bailee at the time the injury is done have a right exclusively to the use of the property, the inference of possession is rebutted, and the right of possession being in reversion, the general owner cannot maintain *trespass* but *case* only, for an injury done by a strangor while the bailee's right exists. 1 Chittys Plead. 169 ; 1

Swifts Dig. 530 ; *Ward* vs. *McCawly et al*, 4 Term. R. 489 ; & in *Gordon* vs. *Harper*, 7 Term. Rep. 9, it was held that neither trover nor trespass would lie.

ADDISON,
January,
1833.

Soper
vs.
Sumner & al.

The opinion of the Court was delivered by

WILLIAMS, J.—It appears in this case that the plaintiff was the owner of the property, for the taking of which this suit is brought, that he had hired it to one Clark for a given time which had not expired when it was taken by the defendants, and that at the time of the grievance complained of, the same was in the actual custody and possession of Clark. On these facts it is very evident that the plaintiff cannot maintain this action of trespass.

To maintain the action of trespass it is necessary that the plaintiff should have the possession of the property at the time of the injury complained of. The action is given to recover for an injury to the possession and of course the possession must be either actually or constructively in the person who brings the action. The absolute owner of a chattel who is entitled to the possession is in contemplation of law, considered as actually possessed. Hence the owner who has *gratuitously* permitted another to use a chattel, has been allowed to recover in trespass for an injury done to it while it is so used. But where it has leased-for a certain time and has been delivered to the custody of a bailee ; during that time, and while it is in the custody of the bailee, the owner cannot maintain trespass for any taking of the property from such custody. This is a familiar principle and will be found in the cases of *Ward* vs. *Macauley*, 4 Term. 489 ; *Hall* vs. *Pickard*, 3 Camp. R. N. P. 187 ; 2 Do. 464. This principal of law is fatal to the pl'ff's action unless his case can be considered as an exception to the general rule. In order to take it from the operation of this principle the pl'ff has insisted that the possession of the property by Clark under the agreement, was for every purpose, except the use, the possession of the plaintiff. To this it is answered, that if the use had been merely by the gratuitous permission of the plaintiff, he might have maintained this action, as being in the constructive possession ; but where to enable a bailee to have the use he must have the actual custody, for a certain time, and pays

ADDISON,
January,
1833.

Soper
vs.
Sumner & al.

a consideration therefor, then the possession is in the bailee, exclusive of the owner. In the present case, while the contract was in force, the plaintiff would have been guilty of a wrong to Clark, had he attempted to control, or use the property let to him.

The plaintiff also contends, that having a right to put an end to the contract at pleasure he had a right to the immediate possession, and therefore can maintain this action. It may be true that he had a right to put an end to the contract, and resume the possession, but until he exercised this right he could have no claim to the possession, or to any action for an injury to the possession. There was nothing in evidence or offered to be given in evidence by which it can be inferred that the contract between the plaintiff and Clark was terminated, or that the plaintiff had manifested any disposition to terminate the same at the time of the trespass complained of.

The assertion of the plaintiff's claim after the taking, or the knowledge of either or both of the defendants of the situation of the property can have no effect on this action, whatever it might have, on a different one.

The evidence offered and excluded, was clearly irrelevant. By the use of the oxen without consent, the defendants may have made themselves trespassers as to Clark.— But if the plaintiff can maintain this action at all, he had a right to institute the same when the property was first taken. As to him it needed no evidence of a subsequent abuse of legal process, or any after illegal act of the defendants, to give the plaintiff a right of action. But as he had parted with the control and custody of the oxen until the month of October, after they were taken, he cannot maintain this action, although the defendants may have made themselves trespassers as it regards Clark, by working the oxen without consent.

Whether the plaintiff after asserting his right can be considered as having put an end to the contract so as to enable him to maintain an action against any one who wrongfully withheld the property from him is not the question before us.

We are all of opinion that this action cannot be maintained. The judgement of the County Court is therefore affirmed.