### WILLIAM P. MUGGRIDGE *vs.* JOSEPH EVELETH.

To maintain an action of trespass for taking and carrying away chattels, the plaintiff must have actual possession, or a right to immediate possession, at the time of the taking. Hence, a bailor of chattels cannot maintain trespass against one who unlawfully takes them from the bailee, during the continuance of the bailment; and this rule holds in case of an attachment of the chattels, by an officer, as the property of a third person.

A vessel may be chartered by an oral contract; and such contract is not determined by the unlawful seizure and detention of the vessel by a stranger.

THIS was an action of trespass *de bonis asportatis,* commenced on the 7th of September 1842, against the sheriff of Suffolk, for the act of his deputy in attaching the schooner Fair Lady, on a writ against Jabez M. Davidson. Trial before *Wilde,* J. whose report thereof was as follows :

The plaintiff's evidence showed that, prior to September 2d 1842, the schooner belonged to Davidson, but that he, on that day, made a bill of her to the plaintiff, and on the next

20 *

day went, with the plaintiff, on board of her, and formally delivered the actual possession of her to him; and that the plaintiff immediately let her, by a parol charter or agreement, for $90 per month, to Joseph Gerrish, who was to victual and man her: That when the schooner was attached, Gerrish was in possession of her, under said charter, being himself the captain, and having on board a crew shipped by himself: That the schooner had part of her cargo laden, and was nearly ready to sail: That the defendant's deputy put a keeper on board; and that Gerrish and his crew remained on board until some time after this action was commenced, when the crew libelled the schooner in the admiralty court, for their wages, and she was sold under a decree of that court, in November 1842.

There was evidence that at the time of the attachment, and also after the service of the writ in this action, Gerrish claimed to be the hirer and master of the schooner, and that he had the whole control over her.

One point made by the defendant, in the opening of the defence, was, that the plaintiff had neither the actual nor constructive possession of the schooner, at the time of the alleged trespass, or at the time of the commencement of this action. But this point was ruled against him, *pro formâ*, and the jury were subsequently instructed, as matter of law, for the purposes of the trial, that the parol charter of the schooner to Gerrish, and his possession under it, did not so change the plaintiff's right of possession, as to prevent his maintaining the action in this form, and that the plaintiff's right of possession was not open for the consideration of the jury, in this case; reserving the point for the consideration of the whole court, if it should become material.

The other and main ground of defence was, that the sale to the plaintiff by Davidson was fraudulent as against his creditors; and upon this point there was much evidence on both sides, which was submitted to the jury with instructions, to which the defendant made no objection.

The jury returned a verdict for the plaintiff, which is to be

set aside, and a new trial to be granted, if the above *pro formâ* ruling and instruction were wrong.

*English & C. H. Parker,* for the defendant.

*R. H. Dana, Jr.* for the plaintiff.

HUBBARD, J. It is a well established principle of law, that to enable a party to maintain trespass *de bonis asportatis,* he must be in the actual possession of the property taken, or, being the general owner, have such an immediate right to possession as will be deemed, in law, constructive possession. *Ward* v. *Macauley,* 4 T. R. 489. *Walcot* v. *Pomeroy,* 2 Pick. 122, 123. *Putnam* v. *Wyley,* 8 Johns. 432. In this case, the possession of the schooner, and the right of possession, were in Gerrish, under his charter, at the time of the alleged trespass, if a parol charter is a valid contract.

The plaintiff's counsel has argued that this case does not stand on the same ground with ordinary actions of trespass, because the suit is against an officer who claims to hold the schooner as the property of a third person; but we are not aware of any such legal distinction. The action is for a tort alleged to have been committed against the plaintiff. He must therefore prove in himself a right to the possession of the property taken; otherwise, he has not sustained the injury of which he complains. And if he does not prove it, though the defendant may be a wrongdoer, in consequence of taking the property, still for such wrongful act he will be responsible, not to the plaintiff, but to the person who was unlawfully dispossessed of his property. It is not, then, sufficient for the plaintiff to show that the defendant is a mere wrongdoer; but he must show that the wrong has been done to himself.

It is said by the plaintiff's counsel, that the defendant's act was the destruction of the entire thing, and consequently the plaintiff can recover, because the general property was in himself. But the seizure of the property is neither an actual destruction of it, nor is it to be so implied. If it were, then replevin would not lie; because the thing itself could not be replevied. But here the schooner could be replevied by a person wrongfully dispossessed, and his writ would be sustained.

It is also argued that, in cases against officers, damages are given for the entire thing, and not merely damages for the taking. This, however, cannot alter the principle of law, upon which actions of trespass are sustained. If the plaintiff had no right of possession, then the taking is not a direct injury to him; and whatever, and against whomsoever, his remedy may be, it is not to be sought in an action of trespass grounded on his mere right of property, without right of possession. Nor are the damages, in such cases, necessarily the value of the thing taken; they are to be measured by the injury sustained.

It is also contended, that by the taking of the schooner the charter was determined, and so the plaintiff had a right to resume the possession of her, and consequently had a constructive possession, and may therefore maintain this action. In this case, there was a parol letting of the schooner to Gerrish, upon time. It was decided in *Taggard* v. *Loring*, 16 Mass. 336, that such parol letting is valid, and can be enforced; and that case has been repeatedly recognized as law. See *Thompson* v. *Hamilton*, 12 Pick. 428. *Vinal* v. *Burrill*, 16 Pick. 406. So also it has been held that a sale of a vessel by parol is good. *Bixby* v. *Franklin Ins. Co.* 8 Pick. 86. There being, then, a valid contract of letting, the contract was not determined by the unlawful act of the defendant. And in a suit by the present plaintiff against Gerrish, on the contract of charter, proof that the schooner had been unlawfully taken out of Gerrish's possession, without the act or coöperation of the plaintiff, would be no bar to a recovery. Such a dispossession is no determination of the contract; and the party, who is dispossessed unlawfully, must repossess himself of the property, or obtain its value.

Suppose, in this case, that the plaintiff, instead of commencing an action of trespass, had brought replevin against the sheriff, and had been put in possession of the schooner. He could not retain it, as against Gerrish, and if he should refuse to deliver it to him, Gerrish, being guilty of no laches, could maintain an action against the plaintiff for damages, for

not delivering it ; or he might, perhaps, maintain replevin. Two persons, claiming a chattel under distinct titles, cannot lawfully be entitled to the possession at the same time. The right of possession of one must be paramount, and he only can maintain trespass, in case of a wrongful taking of it by a third person. In the present case, Gerrish was lawfully entitled to the possession of the schooner, at the time of the attachment by the deputy of the defendant, and he, therefore, and not the plaintiff, can maintain an action of trespass for the taking, if there has been a tortious taking. The verdict is to be set aside and a

*New trial granted*