Batchelder *v.* Warren.

--»»•●◉●«««--

DANIEL K. BATCHELDER *v.* SILAS WARREN.

A. delivered to B. certain property, consisting of stock for clock making, watches, watch materials, jewelry, &c., under an agreement in writing, by the terms of which it was stipulated, that B. should manufacture, repair and put in order the property, and that he might sell it, or exchange it for certain other descriptions of property specified, and that A. would take back all the property if requested after three years from the date of the contract, and before, if the parties could agree, or that, if A. should request,

*Batchelder v. Warren.*

the whole property should be his at all times, and that, if B. should exchange the property for any description of property not authorized by the agreement, or should use any of the property, he should charge such property to himself and become responsible to pay for the same; and B. expressly agreed, that he would manufacture, repair and dispose of the property, as stipulated, and that, " having received pay for so doing, all the profit" should belong, together with the property, to A.; and it appeared, that B. received property under the contract, and that he was working and trading with the same, and that, while he was so doing, the property was attached by the defendant, as belonging to B., at the suit of a creditor of B. : And it was held, that A. had not so parted with his right to the immediate possession of the property, as to preclude him from sustaining an action of trover against the defendant therefor.

TROVER for a quantity of jewelry and other property. Plea, the general issue, with notice that the defendant, as deputy sheriff, on the fifth day of October, 1841, took the property in question, as belonging to John A. Batchelder, by virtue of writs of attachment against him. Trial by jury, March Term, 1845,—HEBARD, J., presiding.

On trial the plaintiff gave in evidence an agreement in writing between himself and John A. Batchelder, which was in these words ;

Articles of agreement made and concluded this twenty-ninth day of September in the year of our Lord one thousand eight hundred and forty, between Daniel K. Batchelder of Boston, Mass., of the one part, and John A. Batchelder of Ludlow, Vt., of the other part.

The said Daniel K. Batchelder for the consideration hereinafter mentioned hath agreed, and doth hereby covenant promise and agree, that he will place certain articles of value of his property in the possession of the said John A. Batchelder, consisting in stock for clock making, watches and watch materials and other articles mentioned in this book, the stock for clocks to be manufactured, and the other articles to be repaired, put in order, sold, or exchanged, for the following merchandize, viz., harnesses, fire arms, watches, jewelry, vehicles of any description and watch materials, or stock for clocks, or silver ware, and real estate, all of which he will take back if requested after three years from this date, and before, if parties can agree, or if the said D. K. Batchelder shall request, it shall be his at all times either the articles delivered or the property for which such articles may be exchanged. And the said John A. Batchelder in consideration thereof hath agreed, and doth hereby covenant promise and agree, to take into his possession such articles of the property of the said D. K. Batchelder as the said D. K. shall see fit to place in his possession to manufacture, repair, sell, exchange, or return, and having received pay for so doing all the

profit is to belong together with the property to the said D. K. Batchelder and at the expense of John A. Batchelder, and if the said John A. Batchelder shall exchange any of this property for any other merchandize or shall make use of any of the articles above mentioned he shall charge them against himself and become responsible to pay the money, otherwise it shall remain the said D. K. Batchelder's the same of which has the privilege of sending other property at any time he shall see fit, but all must be recorded in this book with the price to each article and whether it is to be disposed of repaired and returned.                    D. K. Batchelder,
                                                            John A. Batchelder.

There was annexed to the writing an invoice of the property delivered to John A. Batchelder. The plaintiff also gave evidence tending to prove, that John A. Batchelder received, under the contract, the property so invoiced, and that he was in possession of part of the same goods, named in the plaintiff's declaration and taken by the defendant from John A. Batchelder,—the residue of the goods so received having been sold or exchanged by John A. Batchelder in pursuance of the contract,—and that prior to and at the time of the defendant's attachment John A. Batchelder was working and trading with the property, thus in his possession, according to the terms of the contract.

This was all the evidence introduced by the plaintiff in reference to his right to the possession of the property, except testimony relating to a certain book named in his declaration, in reference to which no decision was made by the supreme court, and therefore the evidence need not be detailed here.

The counsel for the defendant insisted, upon this evidence, that, by the contract, the plaintiff parted with his right to the possession of the property for the term of three years, and that, that term not having expired at the commencement of this suit, the plaintiff was not entitled to sustain the action of trover ; and the court so decided and directed a verdict for the defendant. Exceptions by plaintiff.

*Richardson* & *Nicholson* for plaintiff.

In the first place, two things are to be observed ;—1. That, as there was no question of fraud made or submitted to the jury, none is now to be presumed ; but on the contrary every thing is to be

Batchelder *v.* Warren.

taken in good faith.  2. That it is not necessary now to inquire, whether this action could be sustained for all the converted articles; for if it lies for any of them, the verdict must be set aside and a new trial granted.

It appears by the case, that a portion of the articles attached, and which had been delivered by the plaintiff to John A. Batchelder, were in the hands of the latter unaltered, and held by him, under the written contract, at the time of the attachment.  The plaintiff's original title to them is undisputed; and of this he could be divested only by gift or sale.  Of a gift there is no pretence; nor does the writing furnish evidence that a sale was contemplated, except in two specified cases, viz:  When John A. should personally use any of the articles intrusted to him, or should exchange them for other merchandize than such as he was particularly restricted to by the terms of the writing; neither of which contingencies appear to have happened.

But it is said, that the plaintiff had parted with the right of possession for a limited time, which had not expired; and that this is to be determined from the writing, which, though very inartificially drawn, it is contended on the part of the plaintiff is merely a bailment for hire, subject to be determined at the will of the plaintiff, and in the meantime constituting John A. the agent, or factor, of the plaintiff for certain purposes, and giving him no farther interest therein, than merely the compensation, to which he would be entitled for doing the business.  It is true, that there are some expressions in the writing, which, taken alone, might give it a different aspect; but the whole must be considered together, and so as to give it the most full and entire effect.

But the defendant contends, that John A. was entitled to hold the property, even against the plaintiff himself, at least for three years from the date of the instrument.  The plaintiff does not so understand it; but that John A. was not to be at liberty to throw up the agency and return the property upon the plaintiff within that period, unless both parties should agree thereto; but it was expressly stipulated, that, if the plaintiff requested, it should be *his* at all times; which can only mean, that it should be his wholly, absolutely, and free from any claim of possession to it on the part of John A.; for

otherwise a request for what was confessedly his own would be insensible.

If this view be correct, it does not differ from an ordinary case of bailment of property, to be returned on demand; and it can scarcely be contended, that trover does not lie in favor of such bailors against any third person, who abstracts the property from the bailee and converts it to his own use,—the general ownership, in such cases, drawing to it the legal possession; See Saund. R. 47, note; *Dewell* v. *Moxon et al.,* 1 Taunt. 391; Stephens N. P. 2675, Note 52; Story on Bailments, § 93; Story on Agency, § 438; and it is to be observed, that the case of *Bromley* v. *Coxwell*, 2 B. & P. 438, does not militate against it, being between bailor and bailee, and no conversion proved.

Nor is it an objection, that the bailee might have a special property and be able to sustain trover for the same article; for "*both the person in whom the general property is, and the person in whom the special property is, may maintain an action of trover for the conversion thereof by a stranger,*"—6 Bacon's Ab., Trover, 686,—and may proceed, until one or the other has obtained a judgment. Id. Story on Bailments, § 94.

Moreover, it is noticeable, that the leading case on the other side, *Gordon* v. *Harper*, 7 T. R. 9, supposes a residuum of interest in the bailee during the remainder of the term, which could in some, however small, degree be made available to the defendant, or the purchaser,—such as the continued use of the furniture, in that case, during the remainder of the term for which it was hired; and so of the piano forte, in the case of *Pain* v. *Whittaker*, 21 E. C. L. 390. But what beneficial interest could be sold here? Would the purchaser have the right, in lieu of his debtor, of selling and exchanging for the benefit of the plaintiff?

*P. T. Washburn* and *Tracy & Converse* for defendant.

1. The plaintiff had parted with his right to the possession of the property for *a definite term*, which had not expired at the time this action was commenced; and no steps had been taken by him to determine the bailment, or alter its conditions. In the written contract, after specifying the nature of the property, and that John A. was to *manufacture, repair*, and *put it in order*, there follows

this clause,—"All which he (plaintiff) will take back, *if requested*, 'after *three years* from this date, and before, *if parties can agree*, 'or, *if the said D. K. Batchelder* (plaintiff) *shall request*, it shall 'be his at all times," &c. Were this all, it would be conclusive for the defendant; for the making the *request*, mentioned in both these clauses, is a *condition precedent* to the right of the plaintiff to take back the property, or consider it "his at all times." But a succeeding clause shows a farther condition, attached to the right of the plaintiff to resume the possession, and puts the case beyond all doubt. John A. Batchelder covenants to *receive* the property, and *manufacture, repair,* &c., the same, "and, *having received pay* '*for so doing*, all the profit is to belong, together with the property," to the plaintiff. The bill of exceptions shows, that John A. did receive the property, and that he exchanged some of it, and that, at the time of the attachment by defendant, he "was *working and trading with the property*," "according to the terms of said contract." Then a right to compensation for the labor, thus performed under the contract, had accrued to him, and, by the terms of the condition above recited, the plaintiff *could not resume the possession*, without first making payment therefor. The case shows, that no evidence was given by the plaintiff, that such payment had ever been made. In *Soper* v. *Sumner et al.*, 5 Vt. 274, the property sued for had been leased by the plaintiff to Clark, as whose it was attached, the plaintiff reserving the right to determine the bailment, *if he became dissatisfied,* &c.; and there was *no evidence*, that, "at the time of the attachment, he had *become dissatisfied.*" The court held, that the plaintiff could not sustain trespass against the attaching officer for the property; and WILLIAMS, Ch. J., says,—"It may be true, that he (plaintiff) had a right to put an end to the contract and resume the possession ; but until he exercised this right, he could have no claim to the possession, or to any action for an injury to the possession." The case of *Gordon* v. *Harper*, 7 T. R. 9, shows, that, in this respect, there is no distinction between the actions of *trespass* and *trover*, and that, under such circumstances, *neither action* can be sustained. And the case of *Walker* v. *McNaughton*, 16 Vt. 388, is directly in point.

This was not a conditional sale of the property to John A. Batchelder, and therefore the case of *Bigelow* v. *Huntley*, 8 Vt. 151, is

not applicable. The first position, taken by the court in that case, was undoubtedly well founded; but the second position is directly opposed to the case of *Soper* v. *Sumner et al.*, *ub. sup.*, and has been distinctly superseded in *Swift* v. *Mosely et al.*, 10 Vt. 208, and in *Grant* v. *King et al.*, 14 Vt. 367,—in both which cases it was held, that the act of a *stranger* would not entitle the bailor to consider the bailment as determined,—and is directly opposed by the case of *Fairbanks* v. *Phelps*, 22 Pick. 535, and *Wheeler* v. *Train*, 3 Pick. 255.

The opinion of the court was delivered by

KELLOGG, J.   The only question, presented for the consideration of this court, arises upon the decision of the county court in relation to the *plaintiff's right* to the *possession* of the property.   If it be true, as is assumed by the court below, that, by force of the contract, the plaintiff had parted with his right to the possession of the property for a term, which had not expired at the commencement of the plaintiff's suit, it is very manifest, that this suit cannot be maintained.   For it is well settled law, that, to maintain the action of trover, which is founded upon property and possession, the plaintiff must have, at the time of the taking and conversion, either the actual possession, or the *right to immediate possession*.   Now, whether the decision of the court below can be sustained must depend upon the construction of the contract between the plaintiff and John A. Batchelder.

By the terms of that contract it is very obvious, that the articles deposited by the plaintiff with John A. Batchelder, and such as he might receive in exchange, were at all times to be and remain the property of the plaintiff.   By the terms of the contract it is stipulated, that the property might remain in the custody of John A. Batchelder for the period of three years, the plaintiff, however, reserving to himself the right, at all times, of putting an end to the bailment.   The words of the contract, after the enumeration of the property bailed to John A. Batchelder, are "All of which he (the plaintiff) will take back, if requested, after three years, and before, if parties can agree, or if the said D. K. Batchelder shall request." From these expressions it would seem to be quite obvious, that,
48

while John A. Batchelder could not compel the plaintiff to take back the property and put an end to the bailment before the expiration of the three years, yet, if the parties should agree, *or if the plaintiff should desire it,* he could at any and all times, *upon his own mere will and pleasure,* resume the *actual* custody and possession of the property.

We have been referred to the case of *Soper* v. *Sumner,* 5 Vt. 274, as decisive of the case at bar ; but we think that case clearly distinguishable from the present. In the case cited, by the terms of the contract, Soper had a right, if at any time he "should *become dissatisfied with the manner of keeping or using the oxen,* to take them back." This was not an absolute and unqualified authority to Soper, to take back the property at his mere pleasure ; but it was only in the event of his *becoming dissatisfied with the manner of keeping and using the oxen.* He could not claim it as a right, unless his *dissatisfaction* was founded upon good and justifiable cause. No such restriction is imposed upon the plaintiff by the contract in the case at bar. He had a right to put an end to the bailment at pleasure, and consequently was entitled to immediate possession of the property.

The case of *Putnam* v. *Wyley,* 8 Johns. 432, is an authority that fully sustains this position. The court say, that the plaintiff, at the time of the alleged taking of the property, " must have such a right, as to be entitled to reduce the goods to actual possession when he pleases." The doctrine of the case last cited is believed to be well sustained and conceded to be sound law. Indeed, we are not aware, that it has ever been doubted, but what the owner might maintain trover for the taking and conversion of the property, provided he was entitled to the *immediate possession* at the time of the conversion.

The county court adjudged, that, by the contract, the plaintiff had parted with the property for three years, which had not expired at the commencement of this suit. This, we think, was clearly erroneous. The terms of the contract do not warrant that construction, but, on the contrary, by the very terms of the contract, the plaintiff was entitled to reduce the property to actual possession, when he pleased.

The result is, that the judgment of the county court must be reversed.