No doubt can be entertained of the fact of the levy in question. The deputy of the sheriff went into the stable where the horse stood, and then, in the presence of the defendant in the execution, produced the execution and declared that he levied and forbid all removal or interference with the horse. It was not necessary that the sheriff should manually touch the horse or remove it from the stable; the animal was within his dominion, and except for the protection of his process he would have been a trespasser within the well settled principles of law. (5 Denio,
198; 16 John., 287; 2 Hill, 666.) The motion for nonsuit, on the ground of the want of proof of a levy, was therefore properly overruled. *Page 280 
There was abundant proof of the fact of conversion by the defendant. It is inferable from the evidence that he removed the horse out of the state with the deliberate design of placing it beyond the reach of the sheriff by virtue of the levy.
The letter written by the deputy sheriff to the plaintiffs in the execution was not competent evidence for any purpose against the plaintiff. That letter was written after the defendant's conversion, and at a time when the deputy did not assume to act officially. It related to matters of information concerning the title to the property levied on, and was in no respect competent against his principal, the sheriff.
After the removal of the horse by the defendant from the county of Oneida, where the levy was made, the deputy sheriff returned the execution nulla bona, and filed the same in the clerk's office. Subsequently, upon instance of the sheriff, the court allowed the execution to be taken from the files and the return to be stricken out. On the trial it was insisted that the sheriff was concluded by the return, and that it could not be contradicted by showing that a levy was actually made. The objection against the revival of the process goes to the power of the court. That the court possessed the power to authorize the correction of the return, to reinvigorate the process by erasing the return of nulla bona, cannot admit of doubt. It has the amplest jurisdiction over its records. No notice of that motion was necessary to be given to the defendant. He had no legal interest in the question. He was a trespasser committing the wrong prior to the return of the execution. He acquired no rights founded on the faith of the return. It is not the case of a bonafide purchaser after the return was made, acting upon the assumption of its truthfulness. There is, therefore, no question of estoppel arising in the case.
The plaintiff's right of recovery in this action did not depend upon the fact of his having been compelled to respond to the plaintiffs in the execution for the value of the horse, *Page 281 
on the ground of a levy. His right is predicated on the special property acquired by virtue of the levy, as against the defendant who is a wrong-doer. (Barker v. Miller, 6 John., 195;Dezell v. Odell, 3 Hill, 215.)
The judgment must be affirmed.
Judgment accordingly.