William P. Hardwick v. Cyrus Brookover, *as Sheriff of Greenwood County.*

1. Replevin—*Sheriff Justified in Holding Cattle.* When an action of replevin is brought by the owner to recover possession of cattle held by a sheriff under an order issued by the live-stock sanitary commission, requiring him to hold said cattle in quarantine, said order constitutes a sufficient *prima facie* justification of the sheriff's refusal to return said cattle to the owner during the quarantine period, and until the expense of holding the same in quarantine is paid.

2. Evidence, *Erroneously Received.* The plaintiff having filed no supplemental pleading, alleging payment subsequent to the commencement of the action, the evidence tending to show such payment was erroneously received over the objection of the defendant, and constitutes no valid defense to the action.

*Error from Greenwood District Court.*

THE opinion states the facts.   Judgment for defendant, *Brookover,* at the May term, 1891.   The plaintiff, *Hardwick,* brings the case to this court.

*McDermott & Johnson,* and *T. L. Davis,* for plaintiff in error.

*Clogston, Hamilton, Fuller & Cubbison,* for defendant in error.

Opinion by STRANG, C.:  Action of replevin for the possession of 400 head of Texas cattle.   The plaintiff in error, who was plaintiff below, says that he was the owner of 400 head of Texas cattle which he was holding in Greenwood county, Kansas; that the defendant unlawfully deprived him of their possession on or about the 10th day of July, 1890, and has ever since refused to return them.   The defendant claims he took possession of and holds the cattle under and pursuant to an order of the live-stock sanitary commission of the state. On the trial, the court instructed the jury to return a verdict for the defendant and to find the value of his possession to be $2,356.57, the amount of his bill for keeping the cattle.   The plaintiff objected to this instruction, and insisted on the court giving other instructions prepared by him, which the court refused.   The plaintiff says the case should be reversed for the following reasons: (1) The admission of incompetent evidence; (2) error in giving and refusing instructions; (3) error in amount recovered as the value of the defendant's possession.

The plaintiff in error first complains of the admission in evidence on the part of defense of the order of the live-stock sanitary commission of the state, under which the sheriff took and held the plaintiff's cattle.   The contention of counsel for plaintiff is, that said order was not admissible in evidence, and could not operate as a justification of the sheriff in taking and holding the said cattle, until he established the fact

by competent evidence that the sanitary commission had investigated and made a finding that the cattle of the plaintiff were liable to impart the Texas, splenic or Spanish fever; and that such finding, which plaintiff alleges is in the nature of a judgment in a judicial investigation, can only be proved by the record as made and kept by said commission. Is this contention of the plaintiff true, or is the order under which the sheriff took possession of and held the cattle admissible as evidence in the first instance, that is, without first establishing the finding of the commission on which it was based? We think the order of the commission to the sheriff is in the nature of an execution on a judgment, and that it was of itself, *prima facie*, a sufficient justification of the sheriff in taking and holding the cattle. The plaintiff might in this case have investigated the question as to whether the cattle were liable to impart Texas, splenic or Spanish fever. The finding of the sanitary commission thereon was not conclusive on him at all. There was, however, no attempt to investigate that question. In Crocker on Sheriffs, § 866, it is said: "Where the sheriff is sued by the defendant in the action in which the process issued, for acts done thereunder, as levying on exempt property and the like, it is not necessary for him in justifying under such process that he should show a judgment."

In *Holmes v. Nuncastle*, 12 Johnson's Rep., it was held "that an officer sued for taking goods under an execution need only give the execution in evidence." The court in the case said: "What the objection was to the admission of the execution in evidence does not appear. The execution was all that it was necessary for the constable to show in his defense, provided he had a right to take the money under it; he was not bound to show the judgment." The clause in that case, "provided he had a right to take the money under it," relates to the question therein raised as to whether or not the sheriff could levy on money. See also *Savacool v. Broughton*, 5 Wend. 170; *Barker v. Miller*, 6 Johns. 195; *Lockwood v.*

*Bull,* 1 Cow. 322; *Blachley v. Shelden,* 7 Johns. 32; *Dillenback v. Jerome,* 7 Cow. 297.

The order to the sheriff being admissible in evidence, and constituting a *prima facie* justification of the sheriff for taking and holding the cattle, it was not necessary for him to show the finding of the sanitary commission in relation to the liability of the cattle to impart Texas, splenic or Spanish fever; hence, the fact that the witness White was permitted to testify somewhat in relation thereto was not reversible error, because such testimony was immaterial.

The plaintiff contends that the court erred in instructing the jury to find for the defendant. We do not think so. The plaintiff having brought his action for the possession of the cattle, and the sheriff having justified by showing proper authority for taking and holding them, and the plaintiff having made no attempt to go back of such order to show that the cattle were not infected and liable to impart the said fever, and having failed to rebut the *prima facie* showing of the sheriff that he had a right to the possession of the cattle notwithstanding the plaintiff's ownership thereof, it was proper for the court to instruct the jury to find for the defendant, because the plaintiff had failed to show himself entitled to the possession of the cattle as against the officer holding them under process.

The plaintiff also says that the court erred in instructing the jury to find the value of the defendant's possession to be $2,356.57. The plaintiff claims that the defendant, the sheriff, had been paid in full his expenses for keeping the cattle, and the cost of the commission in connection therewith; and that on that account, if the plaintiff failed in his action, all the defendant was entitled to recover was the cost of the action made prior to such payment. It is conceded that the plaintiff never paid the sheriff any part of the amount due for keeping said cattle, but it is claimed that the sheriff was paid by the county of Greenwood, and that such payment inured to the benefit of the plaintiff. We do not think the board of county commissioners of Greenwood county intended to do more by their act

in issuing the warrant of the county to the sheriff than to loan to him the credit of the county to assist him in holding said cattle until he received his pay therefor.   In connection with this matter of payment by the county, as claimed by the plaintiff, the record shows that it was not advanced by the county board until after this suit was commenced.   The board probably thought that litigation having commenced over the right of possession of the cattle, which involved also the expense of keeping them, it would be some time before the sheriff would be able to realize his money for the keeping, from the plaintiff, or out of the cattle, and the sheriff being unable to advance so much money, they would loan to him the credit of the county to help him until he could collect the money from the plaintiff or by sale of the cattle.

But aside from this view of the matter, as this money was not paid until after the suit was commenced some time, the payment constituted no defense under the pleadings in the case.   The *status* of the case was fixed at the time it was commenced, and, in the absence of any supplemental pleadings, all the evidence in relation to the payment subsequent to the commencement of the action was improperly received.   The defendant objected to its reception, and also moved the court to withdraw the same from the jury, which objection and motion were both overruled.   This was error.   The court should have excluded such evidence, and, having admitted it, should, on the request of the defendant, have withdrawn it from the jury.   This evidence, having been erroneously received, constitutes no valid defense in the case.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.