DAVID JOHNSON, Respondent, *v.* ORANGE E. KATHAN, Appellant.

*Trespass — measure of damages for carrying away growing trees — proof as to time and place required.*

Where there is no proof in an action brought to recover damages for an alleged trespass of the defendant in entering upon the plaintiff's land and carrying away and converting to his own use a quantity of trees growing thereon, which would authorize a recovery for injuries to the land, the recovery, if any, must be for the value of the property at the time and place of its removal, and a jury is not permitted to guess at what was the value of the trees at the time they were taken, from evidence given as to their value at another time and place.

APPEAL by the defendant, Orange E. Kathan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 17th day of October, 1894, upon the verdict of a jury rendered after a trial at the Saratoga Circuit, and also from an order made at the Saratoga Circuit on the 15th day of October, 1894, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes, and also from an order made at the Saratoga Circuit on the 15th day of October, 1894, and entered in said clerk's office granting the plaintiff's motion to treble the damages allowed by the jury.

*J. S. L'Amoreaux,* for the appellant.

*James W. Verbeck,* for the respondent.

FURSMAN, J. :

This action was brought to recover damages for an alleged trespass of the defendant in entering upon the plaintiff's lands and cutting and carrying away and converting to his own use a quantity of trees growing thereon.   The plaintiff claims treble damages, and the jury having rendered a verdict for $260 actual damages, judgment was entered thereon for $780, besides costs.   On the coming in of the verdict a motion was made to set it aside on the grounds, among others, that the damages awarded were excessive, and that the evidence did not authorize the verdict rendered.   This motion was denied and an exception duly taken.   There is no proof in the case authorizing a recovery for injuries to the land, and the learned trial judge correctly held that the recovery, if any, must be for the value of the property at the place where it was taken. (*Dwight* v. *E., C. & N. R. R.*, 132 N. Y. 199.)

The trees were cut down and taken from premises belonging to and in possession of the plaintiff, situate on a mountain in the town of Day.   Their removal from that place constituted the conversion, and their value at that place at the time of the conversion is the measure of damages.   There is no proof whatever of the value of the property at that place.   The trees were cut and carried away from a lot on Wait Mountain.   There is evidence of the value of the logs on skids at the roadside at the foot of the mountain, but there is no evidence of the cost of removing them from the place where they were converted to the roadside.   Each witness who testified upon the subject refused to give an opinion as to their value at the place of conversion, and gave as a reason that he didn't know the cost of removal to the skids, or to the mill where they were to be manufactured into lumber.   It is thus made apparent that the value of the property on the lot is its value on the skids by the roadside, or at the mill, less the cost of getting it there, of which there is no proof.   It is true, and the learned judge correctly charged, that the plaintiff was entitled to recover at least six cents damages, because the property is presumed to have some value, but the verdict was substantial, and there is no evidence to justify it. The action was tried and submitted to the jury upon the theory that the plaintiff was entitled to recover the value of the property taken away, and the right of recovery for injury to the land occasioned

by the trespass was abandoned. The measure of damages, therefore, was the value of the property taken at the time and place of the conversion. As to this there is no evidence and the jury were permitted to guess what the value might be at such time and place from evidence of the value at another time and place. This we think was error. (*Kennedy* v. *Strong,* 14 Johns. 128 ; *Dillenback* v. *Jerome,* 7 Cow. 294; Field on Damages, §§ 781–795.)

Objections which seem to have some force are made also to evidence received notwithstanding defendant's objections and exceptions, but it is not necessary now to consider them.

The judgment should be reversed and a new trial granted, with costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed and a new trial granted, costs to abide the event.