# N. Y. SUPERIOR COURT.

JAMES E. LYON, plaintiff and respondent, agt. JAMES M. ISETT, *et al.*, defendants and appellants.

A *supplemental pleading*, can only be allowed by the *court, on motion*. It should not be allowed at the trial.

Consequently, section 272 of the Code, which confers upon *referees* the same power to allow amendments to any pleading, and to the summons, as the court possesses *upon the trial*, does not apply to a supplemental pleading.

Where the complaint alleges a conversion of personal property in general terms, but also sets forth sufficient facts upon which, when proved, plaintiff may fall back and recover as upon contract, defendants on motion, should be allowed, on such terms as may be just, to plead, by supplemental answer their discharge in bankruptcy, obtained since joinder of issue in the action.

*General Term, June* 1871.

*Before* JONES, *P. J.,* McCUNN *and* FREEDMAN, *JJ.*

APPEAL from order at special term, denying defendants' motion to be permitted to plead, by supplemental answer, their discharge in bankruptcy obtained since joinder of issue in the action.

The complaint alleged a conversion of certain stock deposited by plaintiff with defendants.

At the time of said motion the trial of the action was pending before a referee. The motion was denied upon the sole ground, that it appeared to the court, "that the suit is in tort, for the wrongful conversion of property, and that no recovery can be had therein, except in tort, and that said discharge would not, in any event, be a bar."

PEABODY & BAKER, *for appellant.*

TITUS B. ELDRIDGE, *for respondent.*

*By the court,* FREEDMAN, J.—A supplemental pleading can be allowed only by the court, *on motion.* It should not be allowed at the trial (*Garner* agt. *Hannah,* 6 *Duer.,* 262).

Consequently, section 272, of the Code which confers upon referees the same power to allow amendments to any pleading, and to the summons, as the court possesses *upon the trial* does not apply to this case.

The cases, and the manner in which a supplemental answer is to be allowed are prescribed by section 177 of the Code, and the practice is upon a case being made within the terms of that section, to grant the order almost as a matter of course. If the sufficiency of the proposed answer is a matter of doubt, the court will not prejudge the matter on such motion, but permit the defense to be made upon such terms as are deemed just (*Hoyt* agt. *Sheldon,* 4 *Abb.,* 39 ; *s. c.* 6 *Duer,* 161; *Palmer* agt. *Murray,* 18 *How.,* 545; *Morell* agt. *Garelly,* 16 *Abb.,* 269; *Stewart* agt. *Isidor,* 5 *Abb. N. S.,* 69.)

The defendants, Kerr and Farr, were not only regular in their application, but, it seems to me, made out a sufficient case within the terms of section 177 (as amended in 1866), and the principle established by the authorities above cited.

The complaint, it is tree, alleges a conversion in general terms, but it also sets forth sufficient facts upon which, when proved, plaintiff may fall back and recover upon contract. This precise point has been determined by the court of appeals in *Conaughty* agt. *Nichols* (42 *N. Y.,* 83). The effect and applicability of the discharge in bankruptcy will depend, therefore, rather upon the proof at the trial, than upon the form of the complaint.

The order appealed from, should be reversed, and the defendant, Kerr and Farr severally permitted, upon payment of ten dollars, to plead by way of supplemental answer their respective discharges. Such permission should also be conditioned to be without prejudice to the proceedings already had before the referee.