ALBANY,
August, 1815.

CONCKLIN
v.
HAVENS.

CONCKLIN *against* HAVENS.

Where A., by his last will, manumitted his slave *Maria*, and gave to *Maria* her daughter *Cloe*, during her natural life, it was held that, whether the words *during her natural life* applied to *Maria* or *Cloe*, and, whether the children of *Cloe*, born during the time that *Maria* was entitled to her services, became free, on the death of *Maria*, or not, they could not be claimed by the representative of A.

If *Maria* had no legal representatives, on her decease, the children of *Cloe*, being the issue of her own daughter, became free.

It seems, that the words *during her natural life*, are to be referred to the life of *Cloe*.

But if they are to be referred to *Maria*, the children of *Cloe*, born in the lifetime of the legatee, became her property, on the general principle, that the temporary proprietor of an animal is entitled to the increase of it.

THIS was an action of trespass and false imprisonment, in which the question presented for the consideration of the court, was, whether the plaintiff was the slave of the defendant? It does not appear from the case that any trial had ever been had, and it was submitted to the court without argument.

One *Joseph Concklin*, was the owner of a negro slave, named *Maria*, and her daughter *Cloe*. *Concklin*, by his will, dated *September* 30th, 1780, bequeathed all his personal estate to the defendant, and appointed him his executor; and by a subsequent clause, bequeathed as follows: " *Item*—I give my negro wench, *Maria*, her time; and I also give to *Maria* her daughter *Cloe*, during her natural life."

After the death of the testator, and during the life of *Maria*, *Cloe* had several children, of whom the plaintiff was one.

YATES, J., delivered the opinion of the court. The clause in the will of *Joseph Concklin*, which gives rise to the present controversy, is as follows: " I give my negro wench, *Maria*, her time; and, also, I give *Maria* her daughter *Cloe*, during her natural life." Whether the testator intended to give *Cloe*, during her natural life, to *Maria*, or gave her, during the natural life of *Maria*, will not vary the result in determining the rights of the present parties. In my view, in either case, the plaintiff cannot be deemed the slave of the defendant. I shall, consequently, adopt the construction of the will most favourable to the claim of the defendant, which, I am also inclined to think, was the intention of the testator; and which is, that *Cloe* was given during the lifetime of *Maria*.

By our laws, appearing from various decisions in this court, slaves are protected, and have many rights and privileges, yet, they are considered, on questions in relation to the right of property in them, as goods and chattels, and, consequently, such questions must be decided by the same legal principles as are applicable to that sort of property. Not to enforce this doctrine in the present case, when, on other occasions, it is applied to slaves as personal property, would be manifestly unjust; and

I rejoice that an instance has occurred, by which the law, thus applied, will operate in favour of personal liberty. According to the general principle of law, a person hiring an animal is entitled to the increase, because, by hiring for a time, he becomes temporary proprietor of the animal. (8 *Johns. Rep.* 435.)

If this is the case where there is a hiring for a time, the doctrine applies with greater force in favour of a person having a right, or who is proprietor during life.

The children of *Cloe* were born during the lifetime of *Maria*, and while she was entitled to her services; they, therefore, belonged to her, and in case of her decease, to her legal representatives : and if there should be no such representative, which probably is the case in this instance, the children being the issue of her own daughter, they of course have become free. The plaintiff being one of those children, if not entitled to his freedom altogether, at all events, cannot be claimed by the defendant in this cause.

Judgment for the plaintiff.