GARTH, Respondent, vs. EVERETT, Appellant.

1. A. brought an action of trespass against B. for the value of a negro woman slave taken and converted by B. to his own use, and recovered a judgment, which was satisfied. During the pendency of the suit, the slave was delivered of a child. A. afterwards brings another suit for the value of the child. *Held*, A. cannot recover, as the interest which accrued during the pendency of the first suit, by the birth of the child, was merely an incident to the principal object of the suit, and might have been taken into consideration by the jury in assessing the damages in that suit.

## Error to Morgan Circuit Court.

*Wright*, for plaintiff in error. ·

By bringing the suit for the *value* of the slave, Garth abandoned his property in her, and by the judgment in that suit, or at any rate, by the judgment and satisfaction of the same, the title to the slave, Celia, became completely vested in Everett. 2 Kent, 386–7. *Foreman v. Neilson*, and *Norrill v. Corley*, 2 Rich. S. C. Eq. Rep. 288. 1 Rawle, 121. 4 ib. 285–6.

After the judgment and satisfaction, Everett's title to the slave, Celia, related back to the time of the conversion, or at least, to the time of the institution of the first suit, and by the rule of law, *partus sequitur ventrem*, the title to the child became vested in Everett from its birth. *Daniel* v. *Holland*, 4 J. J. Marshall (Ky.) Rep. 26. 6 Bacon's Abridgment, Trover, A. Strange, 1078, referred to in Law of Slavery.

*Hayden*, for defendant in error, contended that Garth was the owner of the slave, Celia, at the time she gave birth to the child, and that Everett had no right or title to her, before he had paid and satisfied the damages assessed against him for his wrongful conversion of her. 1 Greenl. Ev. sec. 533 and note and authorities there referred to. 2 Kent, 388. 8 Cow. 43, 44. 6 Johns. 168.

Therefore the maxim, *partus sequitur ventrem*, applies. Haywood's Rep. side pages, 233, 234. 7 Monroe, 231. 1 Marshall, 531. 2 Kent, 361. 12 Whea. 568.

Scott, Judge, delivered the opinion of the court.

This was an action for a slave, Jacob, a child. It appears that Garth brought an action of trespass against Everett, for taking and converting to his use a negro woman slave, the property of Garth. In this suit, Garth recovered damages equivalent to the value of the slave. · There was an execution on this judgment, which was satisfied. During the pendency of the action just referred to, the woman slave, who was the subject of the controversy, was delivered of a child, and Garth

has now brought this suit to recover the value of the child which was taken and converted by Everett to his use. The slave was estimated to be worth $150. On a trial in the court below, the judge was of the opinion, that the child belonged to the plaintiff, and so instructed the jury, who found a verdict accordingly, on which, judgment being rendered, this writ of error was sued out.

1. The maxim, *partus sequitur ventrem*, with regard to slaves, does not seem to affect the question involved in this cause. That maxim, it would appear, had its foundation in motives of humanity. By the common law, if one had a limited property in beasts, the natural increase of such beasts, during the continuance of the temporary proprietorship, belonged to the owner of the limited interest. The civil law, which we have adopted in this respect, declared that where a partial ownership existed in slaves, the increase should follow the mother, or go to the general owner ; thus taking care that the mother should not be parted from her child. *Lewis* v. *Davis*, 3 Mo. Rep. 133. There is a law of Mohammed which prohibits, in the sale of captives, the separation of the mothers from their children. If this be the foundation of the maxim, it would seem rather to operate against the claim of the plaintiff, as his success can only be founded on the idea of a separation of the mother and child, as it cannot be pretended that the trespasser can have any property in the subject which he may make the object of his rapacity, as against the rightful owner. In such cases, there is no rightful ownership against the true owner, consequently there can be no limited proprietorship in the sense in which it is used in the application of the maxim *partus sequitur ventrem*.

There can be no doubt that a judgment in an action of trespass, and satisfaction thereof, will transfer the title of the owner to the trespasser, when damages are given for the value of the property. Yelverton, folio 68, note. In considering this case, it is taken for granted that the damages recovered in the suit for the mother, were for her value. In this

case, it does not seem material whether the transfer of property relates back to the time of the conversion or to the time of satisfaction being made. Suppose a trespasser takes and converts a flock of sheep, and during the pendency of a suit to recover their value, they should have lambs, would they be the property of the trespasser after judgment and satisfaction for the value of the sheep, or the property of the original owner? So if a mare with foal should be converted by a trespasser, and pending a suit for the wrong, she should be delivered of a colt, would the colt, after satisfaction, belong to the owner or trespasser? It is conceived that the proper course in such cases is to bring the fact of the increase to the knowledge of the jury, who will be required to appreciate it in the assessment of damages, and if there is a failure to do this, there can be no future redress, no more than if from any other cause, there should be an omission to estimate truly the value of the property.

There is no hardship in this course; the plaintiff went for trespass which disaffirmed property, and sought its equivalent in damages, in assessing which, the jury may, at their discretion, award them according to the value of the property at its conversion, or at any subsequent time. 2 Leigh, N. P. 1500. The value of the goods is the ordinary measure of damages, but the jury may go beyond it. 4 Watts, 418. Where the action is for bonds, the measure is the amount which may be recovered upon them. 2 Rawle, 241. This last case furnishes an apt illustration, it is conceived, of the principle here involved. These damages were recovered for a conversion of property which was not in existence at the time of the commencement of the action, viz: the interest which accrued during its pendency being regarded as incident to the principal.

The other Judges concurring, the judgment will be reversed and cause remanded.