ELIAS C. STEWART, SHERIFF OF ST. CHARLES COUNTY, TO THE USE OF JOHN J. ASHLEY, TRUSTEE OF MARY D. GRANTHAM, Appellant, v. JAMES E. BALL'S ADMINISTRATOR et al., Respondents.

*Animals.*—The increase of domestic animals belongs to the owner of the female, except where the dam is hired for a limited period, when the increase belongs to the usufructuary.

*Husband and Wife.*—Where husband and wife live together, the possession of the separate property of the wife by the husband will be deemed in law the possession of the wife, who has the title.

*Appeal from Warren Circuit Court.*

*Krekle & Broadhead,* for respondents.

*Edwards & Randolph,* for appellant.

The facts are stated in the opinion.

DRYDEN, Judge, delivered the opinion of the court.

This was a suit brought by the appellant to the use of Ashley, trustee of Mrs. Grantham, on a statutory bond given by the respondents to the appellant, as sheriff of St. Charles county, to indemnify him for seizing and selling under an execution of Ball's administrator against Talliferro P. Grantham, a certain brown mare claimed by Ashley, as his property, in trust for the separate use of Mrs. Grantham, wife of the execution debtor. The action was to recover the value of the mare. The only issue raised by the pleadings was as to the ownership of the property.

On the trial the appellant, by way of establishing the title of Ashley, the trustee, read in evidence a deed of trust made in the year 1835, in the State of Virginia, by one Samuel Chancellor, whereby he conveyed to said Ashley (among other property) a certain mare, of which the one in controversy was shown to be a descendant, in trust " to permit the said Mary D. Grantham to have the use of said property for the benefit of herself and her children, exclusive of any control over the same by her said husband."

At the time the deed was made the parties all resided in Virginia. Afterwards Talliferro P., the husband, removed with his family and the trust property to Missouri.

At the close of the testimony the court, at the instance of the respondents, instructed the jury as follows, viz:

" If the jury find from the evidence that one Chancellor, in 1835, conveyed to the plaintiff Ashley, for the use and benefit of Mary Grantham and her children, certain horses or mares in the State of Virginia, and that T. P. Grantham, the husband of said Mary, brought said property to the State of Mis-

souri, and kept the same in his possession from that time forward, and that, whilst the same was in his possession and under his control and keeping, one of the mares had a colt, and that afterwards said colt gave birth to another colt—which last is the one sold by the sheriff and in controversy in this suit—the plaintiff cannot recover."

Upon the giving of the instruction the appellant suffered a nonsuit, and afterwards moved to set it aside; but his motion being overruled, he appealed to this court.

The only question in the case which we need notice concerns the instruction to the jury. Whether the court intended to tell the jury that the bringing of the property by the husband from Virginia to Missouri, or whether his possession of it afterwards, or whether the fact that the mare in controversy was a descendant of and not the original stock conveyed, or whether these several facts combined had the effect to defeat the right of recovery, is not clear; but whether one or the other or all, we think the instruction bad.

The rights of the parties became fixed in Virginia at the time the deed was executed, and whatever rights in Mrs. Grantham or her trustee attached to the property there, followed it to Missouri. The deed secured to the wife the use and possession of the property clear of the marital right of the husband, and the court ought to have told the jury so; and, on the subject of possession, it ought further to have informed the jury, that, although the husband exercised control over the property, yet if he and the wife resided together and the property was held under the provisions of the deed, the law would not deem the possession with the husband, but with the wife who had the title. (Allison v. Bowles, 8 Mo. 346.)

The property in controversy being the product of a mare conveyed by the deed, the title to it is in the same condition as is that of the mare herself. The law is well settled that the increase of the females of live stock belongs to the owner of the dam at the time. An exception to the rule is, where the dam being hired for a limited period has increase during the term; in such case the increase belongs to the

usufructuary : but no such question arises in this case ; the husband never had any right to the mother, and could therefore have none to the offspring.   (2 Kent's Com. 360–61.)

The judgment of the Circuit Court will be reversed and the cause remanded, with directions to set aside the nonsuit and grant a new trial in accordance with this opinion ; the other judges concurring.