## RALSTON v. BLACK.

1. REPLEVIN: LEVY. The owner of property seized in execution to satisfy a judgment against a third party, may maintain an action of replevin against the officer, notwithstanding the property at the time of the commencement of the action is in the hands of his bailee.

*Appeal from Washington District Court.*

TUESDAY, JUNE 9.

THE facts sufficiently appear in the opinion of the Court.

*Patterson & Sherman* for the appellants.

*J. R. Lewis* for the appellee.

WRIGHT, J.—Replevin. The answer does not specifically deny that plaintiff owned the property in controversy. Nor is there a similar denial of his right to the possession. The defense, for the most part, seems to have been placed upon the ground that defendant never interfered with plaintiff's possession; or never had such control or custody of the property, as to make him liable in this action.

From the testimony, the Court below was justified in finding the following facts: 1. That plaintiff owned the property, consisting of wheat and oats, in a stack upon a farm rented by the father, James, and sub-let by him to plaintiff, and which farm was in the occupation of the family, the son (the plaintiff), living in the house with the father. 2. Defendant, as constable, had an execution against the father, which he levied upon this property, as belonging to him. He was told that it belonged to the son, but disregarding such claim, went on to the stack and commenced removing the grain, when the father entered into a bond, with a third person as surety, for the delivery of the property on the day of sale. The officer then replaced the grain, and left it as he found it. 3. While he was upon the stack plaintiff claimed the grain, and demanded its possession. This claim the officer denied, and

refused to deliver the possession. 4. While the property was in this condition, and before the time fixed for its delivery by the terms of the bond, plaintiff brought this action.

It is not claimed that this property was in the custody of the law, and, therefore, plaintiff could not maintain replevin. It is conceded in effect, that if plaintiff's property was levied upon to satisfy the debt of a third person, and the possession thereof changed, the possession could be rightfully regained by this action. But it is said that the constable never had the possession, or if so, that he left the property as he found it; and that if any one other than the plaintiff had the possession at the time of instituting this action, it was the father, and he should have been made the defendant.

By the Code of 1851 (§ 1904), in force when this levy was made, the officer executes his writ, by levying on the property of the judgment debtor. A levy is a seizure of the property, and to make it valid, as to personal property, the officer must have it in his power and control. After he has made this levy, it is in legal contemplation in his possession, custody or control; and if left with a third person as bailee, or for safe keeping, such possession or custody is deemed the possession or custody of the officer, and for his benefit. Though the bailee may be liable in replevin, it by no means follows, that the officer may not be also. Aside from general principles, reference is made to the Revision of 1860, §§ 4251, 4252, as confirmatory of the above proposition.

The bond given by the father is not provided for by statute. He is hence to be treated simply as the receiptor or bailee of the constable. No argument can, therefore, be drawn legitimately from the class of cases which treats property as released from the lien of an attachment after the execution of a delivery bond. Then, again, the bond

of a stranger could not interfere with, or affect plaintiff's remedy. He could not, except at the peril of a criminal prosecution (Rev., 4251, 4252), take away or treat the property as his own, (these sections took effect July 4, 1860, and before this levy ;) and as the defendant had once the actual possession of the property, refused to deliver it upon demand, to the rightful owner, and continued such possession through or by his receiptor, we think he is liable in this action.

We find a reference to the following case, which seems to be directly in point: When goods in the hands of a bailee are attached as his property, and they are receipted for, replevin lies against the attaching officer by the general owner, although the goods remain in the possession of the bailee, the attachment not being dissolved. *Small* v. *Hutchins*, 1 App., 255. We have not access to the case itself, and cannot, therefore, refer to it more in detail.

By *Haythorn* v. *Rushforth*, 4 Harr., it is declared, that an unlawful intermeddling with, or an exercise or claim of dominion over property, without authority or right, will render the party liable in trespass or replevin. And see *Squires et al.* v. *Smith*, 10 B. Monr., 33. Also, *Stewart* v. *Wells*, 6 Barb., 79, where it is held, that to maintain replevin it is not necessary to show an actual forcible dispossession. And further, *Ely* v. *Ehle*, 3 Comst., 506; *Beebe* v. *De Baun*, 3 Eng., 510.

Affirmed.