J. F. JONES, ADMINISTRATOR OF ANTHONY SEALS, Plaintiff in Error, *v.* ZADOK HOOK, ADMINISTRATOR OF PRESTON B. REED, AND CHARLES D. DRAKE, ADMINISTRATOR OF THOMAS SHANE, Defendants in Error.

1. *Sales, questions of fact touching, submitted to the jury.*—In the sale of personal property, where there is any conflict of testimony, questions as to whether the vendor intended by the bill of sale to vest immediate title in the vendee, and whether there was a delivery to and subsequent possession by the vendee, are issues which, under proper instructions, should be submitted to the jury.

### *Error to Fourth District Court.*

*Lay & Belch,* and *J. F. Jones,* for plaintiff in error.

*Hayden & Boulware,* for defendants in error.

Defendants asked the court to give the following instructions: "1. Upon the evidence adduced in this cause, the plaintiff can not recover in this action. 2. If it is found from the evidence that Anthony Seals in his lifetime procured the original bill of sale from Yount to him for the slaves, to be destroyed, and the second bill of sale read in evidence to be substituted therefor, with the intention to vest the title of the slaves in Jane Shane and her heirs or children, the plaintiff can not recover in this suit, and the jury must find their verdict for the defendants."

CURRIER, Judge, delivered the opinion of the court.

The record in this cause presents a considerable complication of names, dates, and transactions; but the matters which it is material to consider lie in a narrow compass.

The present suit was instituted in March, 1855, by the plaintiff, as administrator upon the estate of Anthony Seals, deceased, for the purpose of recovering possession of certain slaves which were alleged to be the property of said estate. The petition avers that Seals was the owner of a slave girl named Chloe (the mother of the other slaves sued for); that he died seized of her as his property in March, 1831, in Tennessee, the place of his then and former residence; that no administration had ever been had upon his estate, the plaintiff having taken out letters for the

Jones, Adm'r of Seals, v. Hook, Adm'r of Reed, et al.

first time in October, 1854, twenty-three years after Seals' death.

The answer puts in issue the fact of Seals' property and ownership at the time stated, and avers title in the wife of Seals and her children.

At the trial the plaintiff gave evidence tending to show that Seals purchased the slave Chloe in 1828 or 1829, taking a bill of sale to himself; that he subsequently sought to divest himself of title and to vest it in his wife. To that end, as the evidence tends to show, the original bill of sale was surrendered, the vendor substituting in place of it a fresh transfer directly to Mrs. Seals, the latter paper bearing date, March 7, 1830.

The trial was by jury, and the court, at the instance of the defendant, instructed them that, upon the evidence, the plaintiff could not recover. Whereupon the plaintiff submitted to a non-suit, and the cause is brought here by appeal.

The court's instruction, withdrawing the case from the jury, was clearly erroneous. There was evidence from which the jury would have been warranted in finding title in Seals, according to the averments of the petition. He was the undisputed owner prior to March 7, 1830. Whether he intended by the substituted bill of sale of that date to vest an immediate title in his wife, and whether there was a delivery to and subsequent possession of the slave by Mrs. Seals as her separate and independent property, were questions to be passed upon by the triers of fact, and not by the court. The court should have submitted them to the jury under proper instructions.

The title of Seals prior to March, 1830, is unquestioned. It is equally clear that he intended and attempted to effect a valid and legal transfer to Mrs. Seals. Whether he succeeded in carrying his intention into effect is the question. There being no creditors to complain, it was his right to deal with his property as he pleased — to give it to whom he thought proper. The intention to part with his title and to vest that title in his wife being clear, it would require but slight evidence, after the lapse of nearly forty years, to satisfy the minds of either court or jury that the intention of the parties was effectuated by a proper delivery, even if it should be considered that the claim of the

husband's representatives was not of too stale a nature to deserve consideration in a court of justice. Nevertheless, upon the issue of delivery or no delivery, title or no title, the facts should have been submitted to the judgment and finding of the jury.

The second instruction given at the instance of the defendants is also subject to objection. It makes the case turn solely on the question of intention. The fact that Seals intended to give the slave to his wife and to vest the title in her is no doubt vitally important to the case, but that is not the ultimate fact to be found. Did he carry his intentions into effect by parting with the possession and control of the girl? That is the decisive inquiry, and the jury should have been permitted to pass upon it. If Seals turned the slave over to his wife as her separate property, that is sufficient. As the parties lived together, the subsequent possession of the husband, if he in fact had possession, will be deemed in law as the possession of the wife. (Stewart v. Ball, 33 Mo. 154.)

The plaintiff asked four instructions, which were refused. The first is inaccurately phrased, but seems designed to express a correct legal proposition. It should have been given in a modified form. The second, third and fourth instructions were properly refused, and for reasons already sufficiently disclosed in this opinion.

The judgment will be reversed and the case remanded. The other judges concur.