## CHARLES F. BRYANT vs. WILLIAM L. PENNELL.

*Accession, what accrues to mortgagee by.*

Plants and shrubs, the growth of cuttings from plants and shrubs mortgaged, pass to the mortgagee by accession.

ON EXCEPTIONS to the ruling of the justice.

This was an action against the defendant, a deputy sheriff, for trespass in so negligently caring for certain plants attached by him upon a writ in favor of Warren Sparrow, that they were greatly injured. Sparrow had a mortgage of part of the plaintiff's stock of plants and shrubs, etc., in his green-house, and one Deering also had a mortgage of a portion of the same property. The officer only attached upon the writ aforesaid " so much of the stock of plants and shrubs as were not covered by the mortgages;" hence, it became material to determine what was included in the mortgages.

The defendant contended that cuttings from the plants mortgaged passed also by the mortgage; but the justice instructed the

jury that plants and shrubs raised by Bryant, in his green-house, subsequent to the date of the mortgages, from cuttings made by him from the original plants and shrubs included in the mortgages, were not covered by the mortgages and they conveyed no title thereto.

The defendant excepted.

*Butler & Fessendens*, in support of exceptions.

The cuttings passed ; 1. On the principle of accession. 2 Kent's Com. 360; 1 Bouv. Law Dict. Tit. "Accession;" *Farwell* v. *Smith*, 12 Pick. 83.

2. By way of reparation, or keeping good the stock mortgaged. *Noyes* v. *Morrill*, 56 Maine, 458.

*A. A. Strout & M. P. Frank*, for plaintiff.

The maxim, "*Partus sequitur ventrem*," does not apply here. It might as well be contended that trees raised from the seed of apples picked from a mortgaged tree passed under the mortgage, as to say these cuttings did. They had become entirely independent plants.

APPLETON, C. J. On May 25, 1865, William Sparrow leased certain premises for the term of ten years to the plaintiff. In the lease it was agreed that the lessee was " to have permission at the end of his term to remove all buildings erected by him upon the premises, and also all plants, shrubs, and trees set and planted by him for the purposes of his business as nursery man and florist."

On the 16th June, 1869, the plaintiff mortgaged to said Sparrow " the green-house and shed attached, the whole adjoining the green-house now occupied by me under a lease from said Sparrow ; also, a new propagating house about 10 feet by 90, situate in front of the above-mentioned green-houses, and all other glass and frame structures and out-buildings belonging to the said Bryant, situate upon the ground held under said lease ; together with all the stock of Elmwood nursery, consisting principally of plants, shrubs, and trees and all the tools, implements, and materials belonging to said nursery."

By virtue of his mortgage, Sparrow acquired a title to the property mortgaged. · The plants and trees were included in it. The cuttings are from the plants. The portions severed, before severance were subject to the mortgage. They are none the less so after severance. The mortgagee loses no rights, because after severance they remained in the same green-house in a condition for further growth and development.

This view is in accordance with all the analogies of the law. The hirer of sheep or cattle for a limited period is entitled to the increase of the flock during the term. The increase belongs to the usufructuary. But the mortgagor is not the usufructuary. As between the mortgagor and the mortgagee, the title of the mortgagee is the better title. *Allen* v. *Delano*, 55 Maine, 113. Where the mortgagor in January mortgaged " all the hay and grain of every kind that grows on the farm on which I now live the present year," it was held that the rye and rye-straw from the sowing of the fall previous belonged to the mortgagee. *Cadworth* v. *Scott*, 41 N. H., 456. A mortgage of leather cut and prepared for the manufacture of shoes, covers shoes subsequently made from it by the mortgagor. *Putnam* v. *Cushing*, 10 Gray, 334. In the opinion of the court, " the property still remained in the mortgagee, notwithstanding the change by the completion of the work as originally designated; the materials being cut and prepared therefor before the mortgage. It was not the case of a new acquisition of articles of property not held by the mortgagor at the time of making the mortgage; but merely of labor performed upon materials and stock of the plaintiff acquired by his mortgage. In such case, the accession will pass to the mortgagee."

The ruling, therefore, that the plants and shrubs raised by Bryant in the green-house from cuttings made by him from the original plants and shrubs included in the mortgage, were not covered by the mortgage and that no title thereto passed to the mortgagee, was erroneous.                              *Exceptions sustained.*

WALTON, DICKERSON, BARROWS, DANFORTH, and VIRGIN, JJ., concurred.