## NOCKLES v. EGGSPIELER.

1. **Attachment:** DISMISSAL OF: DAMAGES. Damages are recoverable in an action on an attachment bond only in the event of the attachment being wrongfully sued out, and this is not to be inferred from the voluntary dismissal of the suit.

2. ———: ———: ———. Whether or not the plaintiff is entitled to recover in such a case even nominal damages, is a question of fact for the jury.

*Appeal from Winneshiek Circuit Court.*

WEDNESDAY, DECEMBER 12.

ACTION on attachment bond to recover damages for wrongfully and maliciously suing out an order of attachment. There was a trial, judgment for plaintiff, and defendant appeals.

*L. Bullis,* for appellant.

*John T. Clark & Co.,* for appellee.

SEEVERS, J.—I. It is assigned for error that the court erred in overruling the motion for a new trial. Such motion embraced thirty-two causes, and we are satisfied it cannot be claimed that all of them are well taken. Some of the causes embraced in the motion are insisted on by counsel in his argument, and are not otherwise assigned as error. Such an assign-

ment is too general, and not as specific as the case will allow. It must, therefore, be disregarded.

II. It is also assigned that the court erred in admitting certain parol evidence to contradict the notes and contract. But we fail to find that such evidence was objected to when introduced.

III. The following instruction was given: "It is the evidence uncontradicted in this case that the writ was sued out, and that the suit was afterward withdrawn and the property released by the officer. This fact alone entitles the plaintiff to nominal damages." The giving of this instruction is assigned as error. Damages are recoverable in an action on an attachment bond only in the event the attachment was wrongfully sued out. If rightfully sued out the voluntary action of the plaintiff therein in releasing the property and dismissing the suit cannot make it wrongful. If so, the waiver of a legal right has the effect of making a party a wrongdoer. The effect of the foregoing instruction was to withdraw from the consideration of the jury the question whether the attachment had been wrongfully sued out, and it is therefore erroneous.

1. ATTACH-MENT: dismissal of: damages.

IV. The court instructed the jury: "The form of your verdict will be, we, the jury, find for the plaintiff, and assess his damages at $——." It necessarily follows from what has already been said that this instruction is erroneous. The intimation is plainly made that the plaintiff is entitled to recover something. That this was not an oversight or mistake is apparent from the first instruction herein quoted. The court was clearly of opinion the plaintiff was entitled to recover something; this was erroneous; that was a question for the jury.

2. ——: ——: ——.

V. It became a material question on the trial whether there had been a valid levy of the attachment on certain beer in tubs or casks. The beer was in no wise disturbed by the sheriff, and the plaintiff's evidence tended to show that it was taken possession of by the sheriff; that he claimed and exercised dominion over it, and that he left the same in charge of the (plaintiff) defendant in attachment. To make a valid levy,

if the "property is capable of manual delivery the sheriff must take it into his custody if it can be found." Code, § 2967; *Crawford v. Newell et al.*, 23 Iowa, 453. But this property was not capable of manual delivery, and the inference is strong and convincing that under the statute a "manual delivery" of such property is not necessary or absolutely essential to the validity of a levy on such property. We incline to think that there may be a valid levy on such property as between the parties, although the same is left in the possession of the attachment defendant. This view seems to receive support from *Ralston v. Black*, 15 Iowa, 47, and *Barker v. Binninger*, 14 N. Y., 270, and authorities there cited. In some of these cases the property was capable of "manual delivery," and yet the levy was held to be valid. Whether such a levy would be valid as against a third person without notice is not in the case. See, however, *Border v. Benge*, 12 Iowa, 330.

We incline to think the fifth instruction given the jury is correct as an abstract proposition, but as applied to the facts in this case, it is, we think, incorrect. The defendant's evidence tended to show that the sheriff left the beer in possession of the defendant in attachment, with directions and authority to use the beer as he saw fit, by selling it or otherwise, but that he was to keep the "complement" or quantity good. If this evidence was believed by the jury, then we strongly incline to think there was no valid levy even between the parties. The instructions given failed to submit this view of the case to the jury. We think this should have been done. We have said this much on this point with a view to a re-trial, and for the purpose of calling attention of counsel thereto.

In view of the fact this question has not been fully argued, and but few authorities cited, we do not desire to be absolutely bound by what has been said.

REVERSED.