Woods & a. v. Charlton, *Adm'r.*

Woods & a. v. Clark.

The hirer of a farm, with the stock upon it, for a year, is the owner of the natural increase of the stock raised during that time.

The first action is a bill in equity to restrain the defendant, as administrator of the estate of Ezra Foster, from selling at auction certain live stock, inventoried as a part of Foster's estate, but claimed by the plaintiffs.   The second action is replevin for two bulls which belong to Clark, if the defendants prevail in the first suit.   Facts found by a referee.

*Bingham, Mitchells & Batchellor* and *E. Woods*, for the plaintiffs.

*Ray, Drew, Jordan & Carpenter* and *Chase & Streeter*, for the defendants.

STANLEY, J.   April 1, 1874, Foster hired the plaintiffs' farm, with certain stock thereon, for one year, agreeing to pay as rent five per cent. per annum on the appraised value of the stock, and to render to them certain products of the farm.   The lease provides that "Foster is to have all growth on said stock, but none of the original stock is to be sold without the consent of both parties." Foster continued to occupy the farm until his death, in December,

1879, and no change was made in the contract, except that one yoke of oxen and a horse of the original stock were sold for the benefit of the plaintiffs; and their appraised value was deducted from the sum on which Foster was to pay five per cent. The stock now claimed by the plaintiffs was not on the farm when the lease was made, but is the natural increase and offspring of the original stock; and the question is, whether it belonged to the plaintiffs or to Foster. He hired the farm and the stock upon it for a definite time. He was to have the full benefit and use of both during that time. If he was entitled to the work of the plaintiffs' oxen, the milk of their cows, the wool of their sheep, and the crops raised on their land, because produced by his labor and attention, combined with their property for the use of which he had agreed to pay them, for the same reason he was entitled to the calves and lambs raised from their cows and sheep. As it is sometimes expressed, the natural increase of the stock became his by accession. *Wood* v. *Ash,* Owen 139; *Fitts* v. *Brown,* 20 N. H. 393, 396; *Butterfield* v. *Baker,* 5 Pick. 522; *Putnam* v. *Wyley,* 8 Johns. 432, 435; *Concklin* v. *Havens,* 12 Johns. 314; *Linnendoll* v. *Doe,* 14 Johns. 222; *Bryant* v. *Pennell,* 61 Me. 108; *Kellogg* v. *Lovely,* 46 Mich. 131; *Stewart* v. *Ball,* 33 Mo. 154; 2 Kent Com. 361. None of the original stock is now in existence. Foster was bailee of it for hire, and, without fault on his part, he was not liable to replace or pay its value. He was bound to use reasonable care, but he was not an insurer. Sto. Bail. 273; *Billings* v. *Tucker,* 6 Gray 368, 369.

*Case discharged.*

SMITH and CARPENTER, JJ., did not sit; the others concurred.