Thomas B. White et al., Appellants, v. Martha J. Storms, Respondent.

Kansas City Court of Appeals, March 22, 1886.

1. Animals—Increase of—Ownership.—The law is well settled that the increase of the females of live stock belongs to the owner of the dam. The *exception* to this rule is, where the dam may be hired temporarily, the increase during the term belongs to the *usufructuary*.

2. Damages—Value of Property—How `Assessed.—The value of property should be assessed as at the time of trial.

Appeal from Carroll Circuit Court, Hon. James M. Davis, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

Hale & Sons, and S. Sebree, for the appellants.

I. For aught that appears, plaintiff, though not the owner of the sow, might have been entitled to her possession, and such possession would entitle him to possession of the shoats. *Stewart v. Ball*, 33 Mo. 154.

II. Defendants claim the sow and pigs generally, and not upon the ground that the ownership of the pigs follows that of the sow, and the pleadings, nor evidence, raise no such issue as to the latter.

III. The correct rule as to value, is to assess the value of the property at the time of such assessment. *Chapman v. Kerr*, 80 Mo. 158; *Mix v. Kepner*, 81 Mo. 93.

No brief on file for the respondent.

Philips, P. J.—This is an action in replevin to recover possession of a sow and a number of pigs. On a

trial had before a jury, the issues were found for defendant, and the value of the property was assessed at forty dollars, for which sum judgment was rendered against the plaintiff.

The only errors assigned arise on certain instructions given by the court on behalf of defendant. The first instruction complained of told the jury, in effect, that if they found from the evidence that the sow in question was the property of the defendant, that the pigs, the offspring of the sow, also belonged to defendant. If it could be maintained that this announced a wrong proposition of law, the plaintiff is in no position to complain of it, as he adopted the same proposition in an instruction asked by him, and given by the court. *Noble v. Blount*, 77 Mo. 241.

But as applied to this case we see no objection to the instruction. "The law is well settled that the increase of the females of live stock belongs to the owner of the dam at the time." *Stewart v. Ball's adm'r*, 33 Mo. 156. The exception to this rule is, where the dam may be hired temporarily; the increase during the term belongs to the usufructuary. 2 Kent. Com. 360-1. If the plaintiff be entitled to the benefit of this exception, he should show it. The defendant was in possession of the sow and her pigs, at the time of the institution of suit, and as such the defendant was presumptively the owner. Being the owner of the dam, she was presumably the owner of the increase.

The next instruction complained of told the jury that if they found for the defendant they should assess the value of the property as at the time of the institution of suit. This was error. The value of the property should be assessed as at the time of trial. *Chapman v. Kerr*, 80 Mo. 158; *Mix v. Kepner*, 81 Mo. 93.

For the error contained in this instruction the cause must be reversed and remanded. It is so ordered. Ellison, J., concurs; Hall, J., absent.