W. A. EDMONSTON, Respondent, v. G. A. WILSON, Appellant.

Kansas City Court of Appeals, April 25, 1892.

1. **Animals:** INCREASE OF. The increase of the females of live stock belongs to the owner of the dam at the time.

2. **Chattel Mortgage:** GROWING CROP. A chattel mortgage given after seed sown had sprouted and made its appearance above ground as a growing crop covers the grain when it comes into existence.

3. ———: OFFSPRING OF DOMESTIC ANIMALS. When the owner of domestic animals gives a mortgage during the period of gestation, the mortgagee will, against the mortgagor, be entitled to the offspring when born.

4. ———:———: REGISTRATION: THIRD PARTY. The registration of a chattel mortgage is equivalent to a transmutation of possession; and a mortgage described the animal as one bay mare in foal, etc., and was duly recorded; the purchaser of the mare's colt when between five and six months old, and still following its dam, will be presumed to know that the mortgage was given during the pregnancy of its dam, and that it, too, was subject to the lien of that instrument.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Botts*, for appellant.

(1) The increase of animals belongs to the usu-fructuary. *White v. Storms*, 21 Mo. App. 288; *Stuart v. Ball's Adm'rs*, 33 Mo. 156; 2 Kent's Commentaries, 360, 450. The mortgagor being in possession of the property in this case was the usufructuary. (2) The mortgagee has no right to the increase of animals described in his mortgage as against a purchaser without actual notice of his claim to such increase, when the mortgage does not in terms cover the increase, and when the mortgaged animal is left in the possession of the mortgagor. Jones on Chattel Mortgages, sec. 150; *Boggs v. Stankey*, 14 N. W. Rep. 392. (3) It is held that a mortgage of domestic animals covers their increase, but this would be the case, in the absence of an express stipulation that the increase shall be included, only as long as it is necessary for the young to follow the dam for nurture. Tiedeman on Sales, sec. 231, p. 365; *Winter v. Landphere*, 42 Iowa, 471; *Thorpe v. Cowles*, 55 Iowa, 408; *Kellogg v. Lovely*, 46 Mich. 131.

*W. W. Fry*, for respondent.

It is well-settled law that the increase of the dam follows it. A mortgage on the female covers the increase, whether mentioned or not. In our case the increase is mentioned in the mortgage, and, of course, is included. *Lewis v. Davis*, 3 Mo. 133; *Clark v. Henry*, 9 Mo. 336; *Garth v. Everett*, 16 Mo. 490; *Herndon v. Herndon*, 27 Mo. 421; *Stewart v. Ball*, 33 Mo. 154; *White v. Stevens*, 21 Mo. App. 288; *Kellogg v. Lovely*, 8 N. W. Rep. (Iowa) 699; *Frank v. Paul*, 24 N. W. Rep. (Minn.) 419; *Rodgers v. Highland*, 29 N. W. Rep. 429; Jones on Chattel Mortgages [3 Ed.] sec. 149. The last four cases cited are chattel mortgage cases.

SMITH, P. J.—This was an action of replevin to recover the possession of a colt. The facts as we learn them from the evidence are that in January, 1889, one Walker executed to plaintiff a deed of trust conveying to him, amongst other personal property, "one bay mare, fifteen hands high, in foal by N. Barnes' horse," to secure a certain promissory note therein mentioned which was duly recorded. The colt in question was foaled by the mare on the first of May, 1889. On October 4, following, the defendant purchased the colt of Walker while it was following the mare. Colts are usually weaned when six months old, but "often run longer." Walker made default in the [payment of the debt secured by the deed of trust, and the plaintiff under its provisions was authorized to take possession of the property covered by it. Plaintiff discovering that the defendant was in possession of the colt demanded it, which demand being refused, he brought this action. The plaintiff had judgment in the circuit court, and the defendant has appealed.

The law is well settled in this state that the increase of the females of live stock belongs to the owner of the dam at the time. *White v. Storms*, 21 Mo. App. 288; *Stewart v. Ball*, 33 Mo. 156; *Louis v. Davis*, 3 Mo. 98; *Garth v. Everett*, 16 Mo. 490; *Herndon v. Herndon*, 27 Mo. 421. When a chattel mortgage has been given after the seed sown has sprouted, and made its appearance above the ground as a growing crop, it is operative and covers the grain when it comes into existence as the product, or as an accession to what was growing when the mortgage was given and covered by it. *Funk v. Paul*, 64 Wis. 35; *Bryant v. Pennel*, 61 Me. 108; *Condennan v. Smith*, 41 Barb. 404. And upon a like principle when the owner of a domestic animal gives a mortgage during the period of gestation, the mortgagee will, against the mortgagor, be entitled to the offspring when born, *McCarty v. Bewins*, 5 Morg. 195; *Hughes v. Graves*, 1 Litt. (Ky.) 317; *Evans v. Meneken*, 8 Gill & J. 39; *Fowler v. Merrill*, 11 How. (U. S.) 375; *Kellogg v. Lovely*, 46 Mich. 131. It is contended by the defendant that, even if the deed of trust should be held to cover the colt as between plaintiff and Walker, yet as it is not described, or in any way referred to in the plaintiff's mortgage, the filing of it was not constructive notice to the defendant, and, hence, his deed of trust gives him no superior right. Our statute makes the registration of a chattel mortgage equivalent to the transmutation of possession, and in many instances satisfies its requirements in respect to the change of the possession of the mortgaged property. *Hellman v. Pollock*, 47 Mo. App. 205. Such registration is constructive notice to third parties subsequently dealing with the property as to the rights and interests of the mortgagee in the property. Such constructive notice is coextensive with the contents of the mortgage so registered. But it is not notice of facts existing

outside of it and in no manner referred to it, unless the contents of the mortgage together with the other facts and circumstances connected with the mortgaged property, or its possession are such as to give actual or constructive notice of rights of the mortgagee to those subsequently dealing with the property, or, at least, sufficient to put them upon inquiry. At the time the defendant, who was a farmer and stock-raiser himself, saw the colt in question following its dam, and purchased it of Walker, he must be held to have known that she was the mare covered by plaintiff's deed of trust, and in foal in the previous January by Barnes' horse. He must have known that the colt was none other than the one the mare was in foal with when the plaintiff's deed of trust was registered. The fact that the colt was following the mare within the usual period of nurture was another circumstance calculated to notify one engaged in defendant's business, that it was the offspring of the mortgaged mare, or at least was sufficient to put him on his inquiry. The defendant must be presumed at the time of his purchase of the colt to have known that the deed of trust was given during the pregnancy of its dam, and that it, too, was subject to the lien of that instrument. So that defendant in no sense is a *bona fide* purchaser without notice of the plaintiff's lien. The most he purchased was Walker's equity of redemption. He purchased the colt *cum onere.* *Rogers v. Highland,* 29 N. W. Rep. 429. No error is perceived in the action of the trial court in the giving and refusing of instructions, so that it results that the judgment must be affirmed. All concur.