Talbot v. Magee.

---

JNO. F. TALBOT, Respondent, v. WM. J. MAGEE, Appellant.

Kansas City Court of Appeals, November 5, 1894.

1. **Justices' Courts**: REPLEVIN: PARTIES. The statute authorizes a justice to add new parties as coplaintiffs and codefendants, and it is proper to join an officer and his custodian as defendants in a replevin suit.

2. **Replevin**: PARTIES: SERVANT. A replevin suit sounds in tort and the person who actually retains the property should be made defendant. Though, where one acts in good faith as the agent of another, the principal is sometimes allowed to be made a defendant, but replevin will not lie against one holding merely as a servant of another and claiming no interest in himself, but such agent should, on demand, state the character of his possession and for whom he is acting.

3. ———: WRONGFUL LEVY: OFFICER. When an officer wrongfully levies upon property of a stranger, he is the proper party defendant in an action of replevin even though the property levied upon be left with a third person as bailee.

4. ———: EXECUTION: OFFICER'S BAILEE: DEFENSE. In replevin against the bailee of the constable, such bailee has the right to show the character of his possession as bailee of the constable who held under an execution, and also to show that plaintiff had neither title nor right of possession and that title was in the execution defendant, or other stranger.

5. ———: ———: ———: ———. The constable's bailee can defend in replevin by showing that the plaintiff gave the constable a statutory notice of his claim and that the officer took from the execution plaintiff a proper bond of indemnity; an instruction in relation thereto approved.

6. ———: ———: COLT. A colt which was foaled after the levy and while the mother was in the custody of the officer, is as much in the possession of the constable as the mother, and the rights of property therein are not different from those in the mother.

*Appeal from the Macon Circuit Court.*—Hon. Andrew Ellison, Judge.

Reversed and remanded.

*Dysart & Mitchell* for appellant.

(1) The levy of the constable placed the property in the possession of the law and "the property continued to be in the possession of the law" and in the custody and control of the constable, although pastured, cared for and fed by Magee, who was only bailee for constable. *Fleming v. Clark*, 22 Mo. App. 218, and cases therein cited; *Williams v. Evans, Adm'r*, 39 Mo. 101; *Hatch v. Bailey*, 12 Cush. 29; *Gibson v. Stevens*, 8 How. 384. As a general rule the possession of defendant must be a possession under some claim of right in himself. A servant or bailee is not a proper defendant in replevin when he only holds the goods for his principal. Wells on Replevin, secs. 144 and 644; *Mount v. Derrick*, 5 Hill 456; *Storm v. Livingston*, 6 Johns. 44. (2) The officer, it is charged by plaintiff, made a wrongful levy. He, then, is the proper party defendant and the court erred in refusing his application to be made a

party. Cobbey on Replevin, secs. 436, 437, 441, 443; *Ralston v. Black*, 15 Iowa, 47; *McMillan et al. v. Larned*, 41 Mich. 521; *Esty v. Love et al.*, 32 Vt. 744; *Richardson v. Reed*, 4 Gray, 441. Possession of receiptor is possession of officer. The receiptor is only servant and agent of officer. *Mitchell v. Hinman*, 8 Wend. 667; *Dillenbeck v. Jerome*, 7 Cowen 294. For all the purposes of the notice given to the constable by plaintiff Talbot under section 6311, Revised Statutes, 1889, the constable had "the actual possession of the property." Magee had possession for a special purpose. *Wear v. Sawyer*, 91 Mo. 348, 356. (3) Talbot having given notice of his claim to the constable as provided by the statute is deemed to have elected to resort to an action on the constable's indemnifying bond, and to have given up, and is barred of, any right of action against the constable or his deputies and bailees individually. *Palmer v. Skenkel et al.*, 50 Mo. App. 571; *Hawk v. Applegate*, 37 Mo. App. 32; *Bradley v. Holloway*, 28 Mo. 150; *Dodd v. Thomas*, 69 Mo. 364; R. S. 1889, secs. 6311, 6312, 6313; Cobbey on Replevin, sec. 808.

*W. H. Sears* for respondent.

(1) It is not denied that Magee was in actual possession of the mare and colt when the suit was instituted. These facts being admitted an action in replevin was the proper remedy. *Davis v. Randolph*, 3 Mo. App. 454; *Galath v. Waldstein*, 10 Mo. App. 586. (2) The action of replevin can not be maintained where the defendant is not in the possession of the property at the time of the commencement of the suit. *Rogers v. Davis*, 21 Mo. App. 150; *Wright v. Crimshaw*, 5 Mo. App. 577. The fact that Magee was keeping the property for Haverly does not alter the fact that he was in the actual and physical possession and therefore the proper party defendant.

*Flatner v. Good,* 35 Minn. 393; *Willis v. DeWitt,* 52
N. W. Rep. 1090. Haverly having parted with the
possession of the mare, and the colt having been foaled
after the mare was in the possession of Magee, Haverly
was not a proper party defendant. See authorities
cited. (3) Talbot was not bound by his action in
making the affidavit, under section 6311, Revised Stat-
utes, 1889, claiming the mare. He did not at the time
know that Magee was in the possession of the mare,
nor that the colt had been foaled. *Belton v. Hill,* 53
Mo. 493; *State ex rel. Morton v. McBride,* 81 Mo.
349–353. (4) Under the facts in this case the court prop-
erly instructed the jury as to the law, and the authori-
ties cited by appellant's counsel have no application to
the facts in this case. (5) The constable did not make
his return on the execution until after the commence-
ment of the suit, therefore the mare was not the pos-
session of the law. *Hombs v. Corbin,* 20 Mo. App.
503.

SMITH, P. J.—This is an action of replevin com-
menced before a justice of the peace to recover the
possession of a mare and colt. In the circuit court,
where the case went by appeal, there was a trial and
judgment for the plaintiff, from which defendant ap-
pealed.

It appears from the record before us that the
defendant, Magee, had recovered judgment against one
Jackson and another before a justice of the peace; that
upon that judgment the justice issued an execution to
the constable who levied the same upon the mare in
dispute, which was then heavy with foal. After the
levy, the constable being sick, turned the mare over to
Magee, the plaintiff in the execution, for safe keeping
and proper care, she being thin in flesh and about to
bring forth a colt; that while the mare was thus in the

possession of the execution plaintiff, the plaintiff in this action, Talbot, who made claim to her under a previous purchase from Jackson, one of the execution defendants, delivered to the constable the written notice provided for in section 6311, Revised Statutes; that thereupon the constable took from the execution plaintiff a bond conditioned as the above cited section of the statute requires; that the constable then proceeded to advertise for sale the mare and colt, which had been foaled while in the custody of the constable's bailee, the plaintiff in the execution; that after these proceedings had taken place the plaintiff brought this action against the execution plaintiff for the recovery of the possession of the mare.

Both at the trial before the justice of the peace and in the circuit court, the constable, Haverly, made an application in writing verified by affidavit asking to be made a party defendant, which application was refused in both courts. The action of the circuit court in refusing to make the constable a party defendant is assigned as error. The statute authorizes a justice to add new parties as coplaintiffs or codefendants. R. S., sec. 6225. It is proper to join an officer and his custodian as defendant in a replevin suit. Cobbey on Replevin, sec. 441; *Tuttle v. Robinson*, 78 Ill. 332. And so it has been ruled that when two parties are connected with the detention of property it is proper to join them as defendants. *Deyoe v. Jamison*, 33 Mich. 94. And so, too, it has been ruled that replevin will lie against one who has control of property although it is in the hands of another. *Flatner v. Good*, 35 Minn. 395.

As the action of replevin sounds in tort, the person who actually detains the property should be made the defendant (Cobbey on Replevin, sec. 431); though where one person acts in good faith as the agent of another, the courts have sometimes allowed the princi-

pal to be made a defendant. The defendant must have the actual or constructive possession of the property. Any person having the unlawful possession of personal property belonging to another is the proper party from whom to replevy it, whether he claims as owner, agent, custodian, trustee, administrator or in another capacity. But it will not lie against one holding merely as a servant of another and claiming no interest in himself. To be protected, the agent should state on demand the character of his possession and for whom he is acting. Cobbey on Replevin, secs. 431, 432; *McDougall v. Travis*, 24 Hun, 590; *Berghoff v. McDonald*, 87 Ind. 549.

It appears from the evidence that, at the time plaintiff called on defendant to demand the possession of the mare, the latter stated to the former that the mare had been levied on by the constable and left in his care and that, when the note upon which the justice had rendered the judgment was paid, he could have her.

The defendant has cited a number of cases which assert the rule to be that, when an officer wrongfully levies on property of a stranger, in an action of replevin for the recovery thereof, the officer is the proper party defendant. *Ralston v. Black*, 15 Iowa, 47; *McMillan v. Larned*, 41 Mich. 521; *Esty v. Love*, 32 Vt. 744; *Richardson v. Reed*, 4 Gray, 441. Even though the property so levied upon be left with a third person as bailee or for safe keeping, since such possession or custody is deemed that of the officer. *Wear v. Sawyer*, 91 Mo. 348; *Mitchell v. Hinman*, 8 Wend. 667; *Dillenback v. Jerome*, 7 Cow. 294; *Bradley v. Gamelle*, 7 Minn. 331.

While we think that the constable should have been made a party defendant, yet we would not be inclined to disturb the judgment on account of that omission, if we could see from the record that the

defense, which we think was open to the constable in the case, had he been a party, had been permitted to be made by the defendant as his bailee and custodian of the property. The defendant, in his capacity as bailee, had the right to show that he was the constable's bailee and custodian, and that such constable had taken possession under the execution against the execution defendant. He had also the right to show that plaintiff had not the title or right of possession, and to that end to prove title in the execution defendant or any other stranger. The showing himself to be the custodian of the property under the constable was a sufficient connection with the title of the defendant to authorize him to make any defense the constable could have made, since he stood in that officer's shoes. *Tuttle v. Robinson*, 78 Ill. 332.

Now, inasmuch as it is not disputed that the plaintiff gave the constable the statutory notice of his claim to the property, and that the former took from the latter a proper bond of indemnity, it must be ruled that the plaintiff, in consequence thereof, is barred of his right of action in replevin against the defendant, the constable's custodian of the property. R. S., secs. 6311, 6312, 6313; *Palmer v. Skenkel et al.*, 50 Mo. App. 571; *Hawk v. Applegate*, 37 Mo. App. 32; *Bradley v. Holloway*, 28 Mo. 150; *Dodd v. Thomas*, 69 Mo. 364.

It necessarily and inevitably results from this that the trial court erred in refusing to instruct the jury at the request of the defendant to the effect following, to wit, that the levy of the constable upon the mare, and the taking of her by him, placed her in his possession, and she remained in the constable's possession, although he may have had another to care for and feed her; that after the constable levied upon and took possession of said mare, the plaintiff gave the notice to

the constable of his claim of her as shown in evidence and admitted by him, and that the plaintiff, in the execution thereupon, to wit, the next day, June 2, 1893, gave to the constable an indemnifying bond as required by statute, which bond was accepted and approved by said constable on said June 2, 1893, then plaintiff was estopped to bring replevin for said property, and the finding should be for defendant.

The plaintiff's first and second instructions being repugnant in theory to those of the defendant, which we have just noticed, should have been refused.

As to the colt which was foaled after the levy and while the mare was in the custody of defendant, it was as much in the possession of the constable as the mare, and the rights of property therein are not different from those in the mare. *Edmonston v. Wilson*, 49 Mo. App. 491; *White v. Storms*, 21 Mo. App. 288; *Stewart v. Ball*, 33 Mo. 156.

We think the case was not submitted to the jury under proper instructions, and we shall therefore reverse the judgment and remand the cause. All concur.