RICHARD H. WADE v. EDWARD F. GOULD.

(Filed Nov. 27, 1899.)

1. REPLEVIN—*Property—Judgment.* One suing in replevin to recover a cow taken by the defendant, but which is, and always was, the property of the plaintiff, is entitled to the cow and the increase since conversion, and, in the alternative, to the value of the cow and increase at the time of judgment.

2. PLEADING—*Amendment.* It is the function of a supplemental petition to supply the facts which may be necessary to a complete determination of the rights of the plaintiff and defendant touching the subject-matter of the suit, upon the facts existing at the time of the rendition of the judgment, and which would vary the relief to which the plaintiff would have been entitled at the commencement of the action; and it is in the sound discretion of the court to allow such an amendment.

3. APPEAL—*Case-Made—Certificate.* Where the case is made and settled for the supreme court, and the party desires that it shall be shown that the case contains all the evidence that was introduced at the trial, a statement to that effect should be inserted in the case itself. Otherwise, the evidence will not be so certified here as to justify its examination for alleged error.

4. CASE-MADE — *Amendment* — *Rule Approved.* A case-made for the supreme court cannot be amended or supplemented in the supreme court by inserting anything therein or attaching anything thereto which did not belong to the case-made, and constitute a part thereof when it was originally settled and signed by the judge and attested by the clerk below. The decision of the trial judge as to the truthfulness of the case-made is conclusive and final,—at least, until the certified record is shown to be intentionally false and to have been fraudulently prepared, or that there was a want of jurisdiction in the court. (*Ryland v. Coyle*, 7 Okla. 226, affirmed.)

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before John C. Tarsney, District Judge.*

*W. A. Taylor*, for plaintiff in error.

*W. W. Noffsinger*, for defendant in error.

Action by Edward F. Gould against Richard H. Wade. Judgment for plaintiff. Defendant brings error. Affirmed.

### STATEMENT OF THE CASE.

This was an action in replevin begun in the probate court of Kingfisher county for the recovery of the possession of four cows, valued at $55. The petition upon which the case was tried averred that the plaintiff had tendered all charges and dues claimed by the defendant upon the cattle for pasturage, and made a tender of the same into court, subject to its order. The value of the cattle was claimed together with $25 damages. The defendant answered generally, and, the matter having been presented to the probate court, it was appealed to the district court, where the plaintiff filed a supplemental petition, averring that there had been born to and was an increase of, the stock originally claimed in the plaintiff's

petition, since the filing thereof, six calves, two of which were yearlings, and that all of them were a part of the original stock set forth in the petition, and that the increase was of the value of $60, together with $25 damages.

The defendant demurred to the supplemental petition upon the grounds that (1) there were several causes of action improperly joined in the petition; and (2) that there was another action pending between the same parties in this court for the same cause, and that said action had been duly tried and determined; and (3) because the petition did not state facts sufficient to constitute a cause of action.

The demurrer was overruled, and thereupon the defendant answered, averring (1) a general denial; and (2) that there was a cause of action pending in this court on appeal from the probate court between the same parties, involving the same subject matter and that the said cause had been since that time duly tried and determined.

The case was tried to the judge of the district court, without a jury, and special findings of fact requested, which were made as follows: "That on or about the 1st day of April, 1896, the plaintiff placed in the defendant's pasture, for keeping, four head of cattle mentioned in the supplemental petition, to be kept by the defendant and pastured for a consideration of 20 cents per head per month; that in August of that year the defendant requested the plaintiff to remove his cattle and take them out of that pasture, and that the plaintiff failed and neglected at that time so to do; that in January, 1897, the plaintiff tendered in money to the defendant the full

amount in which he was indebted to the defendant for the keeping of said cows, and demanded possession of the cows; that the defendant refused to accept such tender unless the plaintiff would consent to dismiss a certain cause of action then pending, in which the present plaintiff was plaintiff and the present defendant was defendant; that, of these four cows, two had calves in the spring of 1897, and all four produced calves in the spring of 1898; that all of said cattle (cows and calves) were in the possession of the defendant at the time of the filing of the supplemental petition in this case. The court finds that there was no other or further demand made for the possession of any of the stock in controversy, except that made in January, 1897; and on these findings of fact the court concludes, as matter of law, that the plaintiff was entitled to the immediate possession of the four head of cattle originally placed in the pasture of the defendant, at the time of the commencement of this suit, and that pending this action he has become entitled to the possession of the increase and product of these four cows, and is now entitled to the possession of all of said property. The court finds the value of the property now detained by the defendant from the plaintiff to be $163. The court finds that there is evidence establishing the fact that the use of said cows for the purpose of producing milk and butter while they have been detained was of the value of $54 over and above the reasonable cost of their keeping. The court finds as a matter of law, that the defendant is not entitled to anything for keeping said cattle after his refusing to deliver them up after the tender of all due on them had been made. The judgment in this case will be that the plaintiff have and recover the possession of all the property specified in the

petition and supplemental petition, and, if the possession thereof cannot be had, the sum of $163, their assessed value, and, in addition thereto, damages in the sum of $54, and the costs of this suit." To which findings and conclusions the defendant excepted.

Opinion of the court by

McATEE, J.: The assignments or error were (1) in overruling the motion for a new trial and the demurrer to the defendant's supplemental petition; and (2) in attempting to assume jurisdiction of the subject-matter set out in the defendant's supplemental petition; and (3) in excluding testimony tending to show another action pending between the same parties, and involving the same subject-matter, at the time the action was commenced; and (4) in excluding competent, relevant, and material testimony offered by the plaintiff in error; and (5) in the amount of the recovery, because there was no evidence to support the finding.

Touching the assignments of error upon the filing of the supplemental petition, the special findings of fact made by the court show that the calves sued for therein were the offspring of the four head of cows whose recovery was sought for in the original petition, and that this increase had come from the cows after the time they were placed by the plaintiff in the possession of the defendant for the purpose of pasturage.

It was said in *Morris v. Coburn,* (Tex. Sup.) 9 S. W. 345, that "one suing to recover a cow taken by defendant, but which is and always was the property of the plaintiff, is entitled to the cow and the increase since the conversion, and in the alternative, to the value of the cow and increase at the time of judgment."

And it was said in *Garth v. Everett*, 16 Mo. 490, that if one takes and converts a flock of sheep, and during the pendency of a suit to recover their value they should have lambs, the lambs would be the property of the original owner.

And in *Talbot v. Magee*, 59 Mo. App. 347, it was said that the property rights in a colt which had been foaled by the mother after a levy of an execution upon her is as much in possession as the mother is. The issue of animals follows the mother. (*Newman v. Jackson*, 12 Wheat. 570.)

And it was said in *Buckley v. Buckley*, 12 Nev. 423, that in an action to recover a herd of ewe sheep, or their value, the increase of the wool subsequently shorn from the herd is a proper subject of litigation in the same action, and that as to the lambs the rights of the parties are precisely the same as to the original flock and as to the wool. The remedy is a judgment for the value of their use, and the court should allow supplemental pleadings to be filed raising these claims.

And it was said in *White v. Storms*, 21 Mo. App. 288, and *Stewart v. Ball's Adm'rs*, 33 Mo. 156, that the law is well settled that the increase of the female of live stock belongs to the owner of the dam at the time. The only exception to this rule is where the dam may be hired temporarily for a term. The increase during the term belongs to the usufructuary. It is the function of the supplemental petition to supply the facts which may be necessary to a complete determination of the rights of the plaintiff and defendant, touching the subject-matter of the suit, upon the facts existing at the time of the rendition of the judgment, and which would vary the relief

to which the plaintiff would have been entitled at the commencement of the action; and it is in the sound discretion of the court to allow such an amendment. (*Medbury v. Swan*, 46 N. Y. 200; *Palmer v. Murray*, 18 How. Prac. 545.)

The ruling of the court, therefore, upon the filing of the supplemental petition, and the admission of the facts under it, and the rendition of a judgment upon those facts, was correct.

Upon the remainder of the assignments of error which challenge an investigation of the evidence, the attention of the court is called to the fact that the evidence is not certified here in such manner as to justify this court in examining it with a view to a reversal of the judgment. It is averred, upon the objection to the consideration of any question arising upon the evidence, that it has not been preserved in a case-made. At the conclusion of the testimony it is stated that "both sides rest," and that, there being no more testimony by either side, the "case closes." Thereupon a request was made by the attorney for the defendant that the court make "findings," upon which findings of fact and conclusions of law were made by the court, and thereafter the stenographer appended his certificate that "the foregoing is a true and correct transcript of all the testimony of witnesses, rulings of court, objections and exceptions of counsel, taken by me in shorthand in the above-entitled cause."

It has been repeatedly held that where a case is made and settled for the supreme court, and the party making it desires that it shall be shown that the case contains all the evidence that was introduced at the trial, a statement to that effect should be inserted in

the case itself. In settling and signing the case, the judge of the district court certified that: "Said case-made is true and contains a full and true and correct transcript and statement of all the pleadings with the indorsements thereon, and of all orders, judgments, and proceedings filed, made, rendered, and had in said case; also, that 'Exhibit A,' attached to said case-made, contains true and correct copies of all the pleadings, with the indorsements thereon, and all the orders, judgments, and proceedings filed, made, rendered, and had in case No. 1,657 .entitled *Edward F. Gould v. Richard H. Wade.*' And I hereby settle, allow, certify, and sign the same as true and correct."

And it was said in *Bartlett v. Feeney*, 11 Kan. 444, that a statement of fact not inserted in the case-made, but merely certified to by the judge at the time of signing and settling the case, would not be considered by the supreme court.

And it was said in *Brown v. Johnson*, 14 Kan. .290, that: "The signature of the judge to a case-made or a bill of exceptions imports the truthfulness of the preceding statements in such case or bill,—nothing more; and we must look to those statements to see whether all of the testimony is preserved or not."

And in *Eddy v. Weaver*, 37 Kan. 540, 15 Pac. 492, the court said that: "It is the case itself, and not the certificate of the judge, which should show whether all of the evidence introduced on the trial is contained in the case or not." And that: "Where a case is made and settled for the supreme court, and the party making it desires that it shall be shown that the case contains all the evidence that was introduced on the trial, a statement to

that effect should be inserted in the case itself, and not in the certificate of the judge who settles the case."

The court said, in substance, that the duty of the judge was to see that the statements of fact made in the case-made were correct, before settling the same, and to see that the case spoke the truth when it was settled. This was affirmed in *Insurance Co. v. Hogue,* 41 Kan. 527, 21 Pac. 641; the court saying that the case must contain the recital that it contained all the evidence offered at the trial, and not the certificate of the judge who settles the case. (*Hill v. Bank,* 42 Kan. 366, 22 Pac. 324.)

And in *State v. Harper Co. Com'rs,* 43 Kan. 196, 23 Pac. 102, it was said that: "There is no statement or showing in the case-made brought to this court that it contains all of the evidence submitted to the judge. There is a statement to that effect in the certificate attached to the case-made; but, as has been repeatedly held, this is insufficient, and hence the question of whether the decision is sustained by the evidence is not before us." Which was again affirmed in *Lebold v. Bank,* 51 Kan. 381, 22 Pac. 1103.

This rule was thoroughly and fully adopted before our adoption of the present Code from the Civil Procedure of Kansas, and the interpretations of that court will be accepted here, and we therefore hold that the evidence is not here so certified as to justify its examination for error.

After the filing of the brief of the defendant in error in this court on May 26, 1899, a motion was filed by the plaintiff in error, to-wit, on May 31, 1899, to amend the case-made by attaching therein, between pages 57

and 58, as amended page 57½, the following words: "The within and foregoing contains all the evidence given and submitted at the trial of the case in the district court, and all the pleadings, motions, rulings, findings of fact, and conclusions of law had, made, and submitted therein, for the reason, to-wit, that (1) because said case-made purports to and does contain all the evidence, pleadings, and findings and conclusions and rulings had and submitted therein; and (2) because the defendant could not be prejudiced by such amendment; and (3) in furtherance of justice."

A case-made for the supreme court cannot be amended or supplemented in the supreme court by inserting anything therein or attaching anything thereto which did not belong to the case-made, and constitute a part thereof, when it was originally settled and signed by the judge and attested by the clerk below. The decision of the trial judge as to the truthfulness of the case-made is conclusive and final,—at least, until the certified record is shown to be intentionally false, and to have been fraudulently prepared, or that there was a want of jurisdiction in the court. (*Ryland v. Coyle*, 7 Okla. 226.)

The judgment will be affirmed.

All of the Justices concurring.